In the INTEREST OF TERRY T., a person Under the Age of 18:

STATE of Wisconsin, Petitioner-Respondent,

v.

TERRY T., Respondent-Appellant.

Court of Appeals

*No. 01–2226. Submitted on briefs December 3, 2001.—Decided February 6, 2002.*

2002 WI App 81

(Also reported in 643 N.W.2d 175.)

On behalf of the respondent-appellant, the cause was submitted on the briefs of *Gregory Bates* of *Bates Law Office* of Kenosha.

On behalf of the petitioner-respondent, the cause was submitted on the brief of *Phillip A. Koss*, district attorney, and *Diane M. Resch*, assistant district attorney.

Before Brown, Anderson and Snyder, JJ.

¶ 1. BROWN, J. In this case the State seeks to place a juvenile in the Serious Juvenile Offender Program (SJOP) even though such placement was not part of the original dispositional order. The State argues that the juvenile's current age and escalating sexually offensive conduct qualify him for the SJOP and it asks us to affirm the trial court's order changing placement and extending the original dispositional order. We determine that the juvenile justice code authorizes a trial court to consider an SJOP placement only as part of an original disposition; it has no authority to consider the

SJOP as a dispositional tool in any subsequent proceeding. The order of the trial court is reversed.

¶ 2. On August 20, 1998, a petition for delinquency was filed alleging that twelve-year-old Terry T. sexually assaulted an eight-year-old boy while both were residing in foster care. Terry admitted committing the offense, but argued that he was not responsible due to mental disease or defect. After hearing the testimony of two expert witnesses who interviewed Terry, the trial court found him to be responsible and set the matter for a dispositional hearing. The disposition resulted in supervision with the Walworth County Department of Social Services and placement in the Homme Home, a Type 2 facility, which has a sex offender treatment program for persons with cognitive disabilities. The order, dated August 27, 1999, was set to expire on August 27, 2000. On August 25, 2000, the State moved for and received an extension of the original order for another year—until August 27, 2001. At the time, Terry was fifteen and did not object to the extension.

¶ 3. On February 15, 2001, the State moved to revise the dispositional order and change placement to the SJOP. The trial court dismissed the petition, holding that the State needed to file an extension of the order rather than a revision. On February 22, 2001, the State moved for the extension and change of placement to Ethan Allen School for the SJOP with a requisite five-year disposition. Terry objected, arguing that "[b]ecause there was no finding at the time of the original dispositional order that [he] . . . should be under the [SJOP], [he did not] believe the statutes allow for this court to extend an order to place him into the [SJOP]." Counsel specifically pointed to statutory provisions that state no extension may exceed one year and no change

may extend the expiration date of the original order. The State responded that the SJOP is not subject to the one-year strictures and may be used by the court as a dispositional option even if it is not part of the original disposition. The court overruled Terry's objection on the theory that "the specific overrules the general."

¶ 4. The State then offered the following recitation to support a finding that no placement other than secure correctional placement was appropriate: "[Terry] became sexually aroused when in the presence of young children or animals, he has touched girls on the school bus, stole the foster mother's underwear and masturbated with them, attempted to leave his bedroom every night . . . and he stole a knife."[1] The court found that the State satisfied the statutory prerequisites for an SJOP disposition, namely, that Terry had been found delinquent under a Class B felony, that he posed a danger to the public and that he required restrictive custodial treatment. The court issued an order for change of placement and extension, recommending placement in the SJOP at Ethan Allen School.

¶ 5. On appeal, we are faced with an issue of first impression in Wisconsin: whether on a motion to extend supervision or change placement a juvenile court has the authority to order a juvenile's placement in the SJOP when that placement was not part of the

---

[1] These "facts" are apparently contained in a change of placement report filed as part of the petition; however, it does not appear to be contained in the record before us.

original disposition.[2] This is a question of statutory interpretation that requires harmonizing various statutes under the new WIS. STAT. ch. 938 procedures. The proper construction of statutes is a question of law that we review de novo. *Wis. Cent. Ltd. v. DOR*, 2000 WI App 14, ¶ 9, 232 Wis. 2d 323, 606 N.W.2d 226, *review granted*, 2000 WI 36, 234 Wis. 2d 175, 612 N.W.2d 732 (Wis. Mar. 20, 2000) (No. 99–0194). We begin our discussion with a review of the relevant provisions of the juvenile justice code.

¶ 6. WISCONSIN STAT. ch. 938 states that part of its legislative purpose is to "respond to a juvenile offender's needs for care and treatment, consistent with the prevention of delinquency, each juvenile's best interest and protection of the public, by allowing the judge to utilize the most effective dispositional option." WIS. STAT. § 938.01(2)(f). The code allows numerous dispositional options and leaves the disposition of the juvenile's delinquency adjudication to the sound discretion of the court. WIS. STAT. § 938.34; *State v. James P.*, 180 Wis. 2d 677, 682, 510 N.W.2d 730 (Ct. App. 1993).

¶ 7. The code also unambiguously states that all dispositional orders shall expire at the end of one year. WIS. STAT. § 938.355(4). Furthermore, any extensions of an order shall not exceed one year, WIS. STAT. § 938.365(5), and no revision or change of placement may extend the expiration date of the original order. WIS. STAT. §§ 938.363(1)(b), 938.357(6).

¶ 8. There are three exceptions to the one-year rule under the code. First, disposition to a Type 2 child-caring institution or secured correctional facility

---

[2] This case was converted from a one-judge appeal to a three-judge appeal pursuant to WIS. STAT. § 809.41(3) (1999–2000). All references to the Wisconsin Statutes are to the 1999–2000 version.

may be for two years. WIS. STAT. § 938.355(4)(b). Second, disposition to the SJOP requires a mandatory five-year term. *Id.* Finally, a disposition may be extended beyond one year if a petition for termination of parental rights has been filed. Sec. 938.355(4)(a).

¶ 9. In this instance, there is no question that Terry's original placement was not to the SJOP or a secured institution. Indeed, the record clearly indicates that all parties agreed that the most appropriate placement for Terry, based on his history and behavior, was the Homme Home, which has a sex offender treatment program specially designed for people with cognitive disabilities. In fact, the court postponed the dispositional hearing to accommodate an opening at Homme Home later in the summer.[3] The State believed this was "the best place for him" and would avoid Lincoln Hills placement. Terry made no objection and at the subsequent dispositional hearing, which coincided with the opening at Homme Home, the court concurred that Homme Home placement was "very appropriate under the circumstances." The dispositional order had a one-year expiration date.

¶ 10. Terry acknowledges that postdisposition he may be placed in a secured correctional facility and that such placement may be periodically extended. He asserts, however, that pursuant to WIS. STAT. § 938.365(5), any extension of his original disposition may only be for one year. Therefore, he argues, the juvenile court had no authority to order a period of five years in the SJOP unless the proper findings were made in the original disposition.

---

[3] Terry waived the time limits for holding the dispositional hearing.

¶ 11. The State responds that nothing in the statutes specifically mandates that the SJOP be considered at the original disposition or that the SJOP may not thereafter be considered by the juvenile court in an extension or change of placement proceeding. The State also asserts that the SJOP is a more specific statute and therefore its time frame takes precedence over the more general time limitations for extensions.

¶ 12. We are not persuaded by the State's construction of the statutes. Indeed, as we interpret the statutes, there is no ambiguity or even conflict between the time frames at issue here. The five-year SJOP is a placement that occurs at an original disposition; it is not a means to extend or revise a disposition already in effect. Furthermore, it is quite clear that Terry, as a twelve-year-old, was not eligible for the SJOP at his original disposition. Nor did any of the parties at that time believe that a secured correctional facility was the most appropriate placement for him. To support this interpretation, we need look no further than the language of the SJOP provisions.

¶ 13. WISCONSIN STAT. § 938.538 implements the SJOP and states that "[t]he department shall administer a serious juvenile offender program for juveniles who have been adjudicated delinquent and ordered to participate in the program under s. 938.34(4h)." WISCONSIN STAT. § 938.34(4h) is found in the statute authorizing the juvenile court to make original dispositions for juveniles found delinquent. We note that § 938.538 does not cross-reference to the statutes for revision, extension or change of placement as proceedings that may result in placement in the SJOP. Moreover, § 938.538(5)(c) explicitly precludes application of the change in placement and revision statutes once a juvenile is placed in the SJOP. Therefore, although § 938.538 does not expressly state

that the SJOP can only be implemented as an original disposition, we believe that this is exactly the thrust of the statute. We now turn to the provisions for placement in the SJOP found in § 938.34(4h) and (4m).

¶ 14. The first requirement for placement of a juvenile under WIS. STAT. § 938.34(4h) is that he or she must have attained the age of fourteen and been adjudicated for committing certain offenses, one of which is sexual assault of a child. The judge must also find that "the only other disposition that would be appropriate for the juvenile would be placement of the juvenile in a secured correctional facility under sub. (4m)." Sec. 938.34(4h)(b). Subsection (4m) then provides that a twelve-year-old juvenile may be placed in a secured correctional facility only if the juvenile has been found delinquent for the commission of an act which, if committed by an adult, would be punishable by a sentence of at least six months, and the juvenile is found to be a danger to the public and to be in need of restrictive custodial treatment.

¶ 15. There is no doubt that at the time of Terry's original disposition, he was not eligible for placement in the SJOP. Although he had committed a violation enumerated in subsec. (4h), he had not attained the requisite age of fourteen. Therefore, the trial court would have had no authority to place Terry in the SJOP had it been so inclined. The fact is, however, neither the court nor the State was inclined to place Terry in a secured correctional facility. Indeed, as we discussed previously, they went out of their way to ensure that Terry was placed at the non-secured residential treatment facility at Homme Home. Thus, the requirement that the judge find that the only appropriate disposition

469

would be placement in a secured correctional facility was clearly not satisfied. *See* Wis. Stat. § 938.34(4h)(b).

¶ 16. Given our conclusion that Terry was not originally eligible for the SJOP, we find it untenable to allow him to be placed in the program at a later proceeding. Such a result would allow the State to bootstrap the original sexual assault violation as a basis for placement in the SJOP now that Terry is of age, even though the court had previously concluded secured placement was not the most appropriate setting.[4] We cannot allow the State to avoid meeting the criteria for the SJOP at the original disposition by piggybacking it on to Terry's more recent misconduct for which no new charges were ever filed. While we have no quarrel with the State's argument that Terry's subsequent sexually offensive behavior makes him a threat to the public and in need of restrictive custodial treatment, the SJOP cannot now be used as a dispositional tool. As Terry concedes, the trial court can place him in a secured correctional facility, even if the change is not authorized under the original dispositional order, and extend the placement in one-year increments. Wis. Stat. § 938.357(1), (6).

¶ 17. In conclusion, we determine that the five-year SJOP is a placement that must occur at an original disposition; it is not a disposition to extend, revise or change a placement already in effect. To tack a five-year disposition onto a one-year disposition would violate the clear statutory mandate that all extensions not

---

[4] We are also mindful that Terry admitted the sexual assault at the original disposition. It is quite possible that had Terry known that in the future his one-year disposition would be converted to a five-year disposition, he would have responded differently to the petition for delinquency.

exceed one year and that no revision or change of placement extend the expiration of the original dispositional order. Therefore, we reverse the order for extension of the dispositional order and change of placement. The terms of any further extensions shall be limited to one year and Terry shall not be subject to the provisions of the SJOP in the absence of new charges being filed.

*By the Court.*—Order reversed.