In the Interest of Terry T., a person Under the Age of 18:

State of Wisconsin, Petitioner-Respondent,

v.

Terry T., Respondent-Appellant.

Court of Appeals

*No. 02–2502. Submitted on a motion October 25, 2002.— Decided November 20, 2002.*

2003 WI App 21

(Also reported in 657 N.W.2d 97.)

■■■■■■■■■■■

On behalf of the respondent-appellant, the cause was submitted on the motion and supplemental letter brief of *Michael Yovovich*, assistant state public defender, Madison.

On behalf of the petitioner-respondent, the cause was submitted on the briefs of *Diane M. Resch*, assistant district attorney.

Before Brown, Anderson and Snyder, JJ.

¶ 1. ANDERSON, J. The juvenile court's order of May 6, 2002, placing Terry T. in a secure correctional facility is an "original dispositional order" since it is the first order based on the juvenile court's analysis of the suitability of placing Terry T. in a secure correctional facility. The juvenile court's order also extended placement from the previous expiration date of August 27, 2002, to the juvenile's eighteenth birthday on May 22, 2003. Since Terry T. was seventeen years of age on August 27, 2002, when the previous court order expired

and WIS. STAT. § 938.355(4) (1999–2000)[1] prohibits the extension of an "original dispositional order"—placing a juvenile in a secure correctional facility—that expires after the juvenile is seventeen years of age, we reverse that portion of the order extending placement until May 22, 2003.

¶ 2.  This case was previously before us, and our decision is reported in *State v. Terry T.*, 2002 WI App 81, 251 Wis. 2d 462, 643 N.W.2d 175.[2] In that decision, we reversed the juvenile court's revision of a dispositional order that placed Terry T. in a five-year Serious Juvenile Offender Program (SJOP) placement. *Id.* at ¶ 1. On remand, the juvenile court amended the dispositional order by removing any reference to Terry T.'s placement in SJOP, ordering him placed in a correctional setting and amending the termination date of the dispositional order to August 27, 2002, the anniversary date of the original dispositional order.[3]

¶ 3.  The State then told the juvenile court that the Department of Corrections had filed a petition to extend the dispositional order until Terry T.'s eighteenth birthday on May 22, 2003. The State contended

---

[1] All references to the Wisconsin Statutes are to the 1999–2000 version unless otherwise noted.

[2] We will not repeat the procedural and factual history set forth in that case, *State v. Terry T.*, 2002 WI App 81, ¶¶ 1–4, 251 Wis. 2d 462, 643 N.W.2d 175.

[3] The original dispositional order in this case was entered on August 27, 1999, and was set to expire on August 27, 2000. Before the expiration date, the dispositional order was extended to August 27, 2001. In February 2001, the juvenile court revised the dispositional order to include a five-year SJOP placement at Ethan Allen School; the revised order was set to expire on August 27, 2006. *See Terry T.*, 2002 WI App 81 at ¶¶ 2–3.

that because the juvenile court cannot extend a dispo-sitional order after a juvenile turns seventeen years of age, the petition for extension had to be filed and acted upon before Terry T.'s seventeenth birthday on May 22, 2002. Terry T.'s counsel objected on the grounds that the request for an extension came too soon. The juve-nile court granted the State's motion: "I'm going to extend the modified order then for a year from his birthdate, which is the maximum allowed, to allow for hopefully an orderly reintegration into the community."

¶ 4.    Terry T. filed a notice of appeal on September 18, 2002, and one week later he filed a Motion for Summary Reversal. Terry T. asserts that under the clear and unambiguous language of WIS. STAT. § 938.355(4)(a), if a corrections order terminates after a juvenile's seventeenth birthday, the order cannot be extended. He argues that since the dispositional order was revised to place him in corrections and to expire on August 27, 2002, no further extensions could be granted because his seventeenth birthday was May 22, 2002. The State counters that the clear language of § 938.355(4)(a) "allows the court to extend jurisdiction over a juvenile placed in a secure correctional facility beyond the age of seventeen as long as the order was extended before the juvenile's seventeenth birthday. Once the juvenile reaches the age of seventeen the dispositional order can no longer be extended."

¶ 5.    After our initial review of this case, we re-jected both Terry T.'s and the State's arguments that focus on the juvenile's seventeenth birthday as the center of their respective points of view. We concluded that the critical phrase in the statute is "original dispositional order"; and there is a critical distinction between an "original dispositional order" and an ex-tended or revised dispositional order. In *Terry T.* we

342

reversed the juvenile court's February 2001 change of placement and revision to the extension order of August 2000, because placement in SJOP could only occur as an original disposition. *Terry T.*, 2002 WI App 81 at ¶ 13. The Juvenile Justice Code also recognizes that there is a difference between an "original dispositional order" and a revised or extended order; for example, an exception to the expiration of dispositional orders is made in Wis. Stat. § 938.368(1), which precisely speaks of "a dispositional order under s. 938.355 or an extension order under s. 938.365."

¶ 6.  Because the parties had not addressed the importance of an "original dispositional order" to the resolution of the issue presented in the Motion for Summary Reversal, we requested that they submit supplemental briefs.

> Section 938.355(4) refers to the "original disposition[al] order." There is a distinction between "original disposition[al] order" and an extended or revised order. *See State v. Kendell G.*, 2001 WI App 95, 243 Wis. 2d 67, 625 N.W.2d 918; Wis. Stat. § 938.638(1). In *State v. Terry T.*, 2002 WI App 81, ¶ 13, 251 Wis. 2d 462, 643 N.W.2d 175, we reversed because SJOP was not part of the "original disposition[al] order." We question whether the prohibition against extending a custodial placement dispositional order hinges on whether it is an original dispositional order or an extended/revised order, rather than the age of the juvenile offender. The parties shall address this issue in their supplemental letter briefs.

We also changed this case from a one-judge appeal to a three-judge appeal, Wis. Stat. Rule 809.41(3), and offered the attorney general, on behalf of the State of Wisconsin, the opportunity to participate, which was declined.

¶ 7. On appeal, we are faced with an issue of statutory interpretation: whether the juvenile court can extend a dispositional order, placing the juvenile in a secure correctional facility, that expires after a juvenile reaches his or her seventeenth birthday. This is a question of statutory interpretation, which we review without deference to the juvenile court's conclusion. *State v. Thomas*, 2000 WI App 162, ¶ 7, 238 Wis. 2d 216, 617 N.W.2d 230. In *State v. Longcore*, 2001 WI App 15, ¶ 5, 240 Wis. 2d 429, 623 N.W.2d 201, *review denied,* 2001 WI 43, 242 Wis. 2d 546, 629 N.W.2d 785, we explained:

> The goal of statutory interpretation is to determine and give effect to the legislature's intent. The primary source of interpretation is the statutory language itself. If the language is unambiguous, resort to extrinsic aid for purposes of statutory interpretation would be improper. If the language is clear and unambiguous on its face, we merely apply that language to the facts at hand. (Citations omitted.)

¶ 8. WISCONSIN STAT. § 938.355(4)(a) provides, in pertinent part:

> [A]ll orders under this section shall terminate at the end of one year unless the court specifies a shorter period of time . . . . [E]xtensions or revisions shall terminate at the end of one year unless the court specifies a shorter period of time. No extension . . . of an *original dispositional order* may be granted for a juvenile who is subject to an order [of correctional placement] if the juvenile is 17 years of age or older when the *original dispositional order* terminates. Any order made before the juvenile reaches the age of majority shall be effective for a time up to one year after its entry unless the court specifies a shorter period of time. (Emphasis added.)

344

¶ 9.  The issue we must resolve is whether the juvenile court's order placing Terry T. in a secure correctional facility until his eighteenth birthday on May 22, 2003, is an "original dispositional order" or an extended or revised dispositional order. The brief answer is that it is an "original dispositional order" because it is the first order placing Terry T. in a secure correctional facility.

¶ 10..  In this case, the change in Terry T.'s placement, from the Homme Home, *see Terry T.*, 2002 WI App 81 at ¶ 2, to a secure correctional facility required a request for a change in Terry T.'s placement under WIS. STAT. § 938.357(1) and (3). To move a juvenile, already under court supervision, to a secure correctional facility the statute requires:

> Subject to sub. (4)(b) and (c) and (5)(e), if the proposed change in placement would involve placing a juvenile in a secured correctional facility, a secured child caring institution or a secured group home, notice shall be given as provided in sub. (1). A hearing shall be held, unless waived by the juvenile, parent, guardian and legal custodian, before the judge makes a decision on the request. The juvenile shall be entitled to counsel at the hearing, and any party opposing or favoring the proposed new placement may present relevant evidence and cross-examine witnesses. The proposed new placement may be approved only if the judge finds, on the record, that the conditions set forth in s. 938.34(4m) have been met.

Sec. 938.357(3).

¶ 11.  The statute requires the juvenile court to make findings after an adversarial-type proceeding at which the juvenile is entitled to notice, to counsel, to cross-examine witnesses and to present relevant evidence in opposition to the proposed change in place-

345

ment. The findings the juvenile court must make are the same findings that must be made when the juvenile court is considering an initial secure correctional facility placement under WIS. STAT. § 938.34(4m):

CORRECTIONAL PLACEMENT. Place the juvenile in a secured correctional facility or a secured child caring institution under the supervision of the department or in a secured group home under the supervision of a county department if the juvenile is 12 years of age or over or, if the juvenile is under 12 years of age, in a secured child caring institution under the supervision of the department or in a secured group home under the supervision of a county department, unless the department, after an examination under s. 938.50, determines that placement in a secured correctional facility is more appropriate, but only if all of the following apply:

(a) The juvenile has been found to be delinquent for the commission of an act which if committed by an adult would be punishable by a sentence of 6 months or more.

(b) The juvenile has been found to be a danger to the public and to be in need of restrictive custodial treatment. If the judge determines that any of the following conditions applies, but that placement in the serious juvenile offender program under sub. (4h) would not be appropriate, that determination shall be prima facie evidence that the juvenile is a danger to the public and in need of restrictive custodial treatment under this subsection:

1. The juvenile has committed a delinquent act that would be a felony under s. 940.01, 940.02, 940.03, 940.05, 940.19(2) to (6), 940.21, 940.225(1), 940.31, 941.20(3), 943.02(1), 943.23(1g), (1m) or (1r), 943.32(2), 947.013(1t), (1v) or (1x), 948.02(1) or (2), 948.025 or 948.03 if committed by an adult.

346

2. The juvenile has possessed, used or threatened to use a handgun, as defined in s. 175.35(1)(b), short-barreled rifle, as defined in s. 941.28(1)(b), or short-barreled shotgun, as defined in s. 941.28(1)(c), while committing a delinquent act that would be a felony under ch. 940 if committed by an adult.

3. The juvenile has possessed or gone armed with a short-barreled rifle or a short-barreled shotgun in violation of s. 941.28 or has possessed or gone armed with a handgun in violation of s. 948.60.

¶ 12. In Terry T.'s change of placement situation, this is the first time these findings have been made after an adversarial-type hearing. Because these findings are mandated for a change of placement to a secure correctional facility, the dispositional order implementing the change in placement is an "original dispositional order." An adversarial-type hearing and specific findings under WIS. STAT. § 938.34(4m) are not required when a dispositional order is being extended, WIS. STAT. § 938.365; in fact, there is no requirement that the juvenile court revisit or restate the conditions in § 938.34(4m) that must be present to justify placement in a secure correctional facility.

¶ 13. Because we vacated the order placing Terry T. in SJOP, the juvenile court's order on remand (dated May 6, 2002), placing Terry T. in a secure correctional facility and extending his placement until May 22, 2003, was the first time the conditions of WIS. STAT. § 938.34(4m) were considered. For that reason, the order changing Terry T.'s placement to a secure correctional facility is an "original dispositional order." WISCONSIN STAT. § 938.355(4)(a) provides that this "original dispositional order" cannot be extended beyond Terry T.'s seventeenth birthday, May 22, 2002. Consequently, the juvenile court erred when it granted the State's

motion to extend Terry T.'s correctional placement from the original expiration date of August 27, 2002, until May 22, 2003. We remand with directions that the juvenile court amend its order of May 6, 2002, by striking the expiration date of May 22, 2003, and inserting an expiration date of August 27, 2002.

*By the Court.*—Order affirmed in part; reversed in part and cause remanded with directions.