In re the Commitment of Tremaine Y.:

State of Wisconsin, Petitioner-Respondent,

v.

Tremaine Y., Respondent-Appellant.†

Court of Appeals

*No. 04–2149. Submitted on briefs December 15, 2004.—Decided February 2, 2005.*

2005 WI App 56

(Also reported in 694 N.W.2d 462.)

† Petition to review denied 5-11-2005.

449

On behalf of the respondent-appellant, the cause was submitted on the briefs of *Robert W. Peterson*, assistant state public defender, and *Samantha J. Humes*, assistant state public defender, Milwaukee.

On behalf of the petitioner-respondent, the cause was submitted on the brief of *Eileen W. Pray*, assistant attorney general, and *Peggy A. Lautenschlager*, attorney general.

Before Brown, Nettesheim and Snyder, JJ.

¶ 1. SNYDER, J. Tremaine Y. appeals from an order denying his motion to dismiss the State's petition to commit him as a sexually violent person under WIS. STAT. ch. 980 (2003–04).[1] Tremaine argues that the State's petition for his commitment under ch. 980 is flawed because the only adjudication for a sexually violent offense occurred when he was eleven years old. He contends that a subsequent change of placement order placing him at Ethan Allen School could not form the basis for the ch. 980 petition. We disagree and affirm the order of the circuit court.

## FACTS

¶ 2. Tremaine was adjudicated delinquent of attempted first-degree sexual assault on March 12, 1998, when he was eleven years old.[2] He was placed under the supervision of the Department of Health and Social Services for one year and released to his mother. On November 16, the State petitioned for a change of placement, alleging that Tremaine had committed a

---

[1] All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise noted.

[2] The sexual assault charge, Kenosha county case no. 97–JV-XXX, was resolved in conjunction with other unrelated charges in Kenosha county case no. 98–JV-XX. Due to the confidential nature of the juvenile proceedings underlying the State's petition, we do not provide the complete file numbers for these cases.

new sex offense in July. The circuit court placed Tremaine at Norris Adolescent Treatment Center and extended the supervision order through March 12, 2000. Tremaine was subsequently moved from Norris to St. Aemilian-Lakeside.

¶ 3. In 1999, Tremaine was adjudicated delinquent for fourth-degree sexual assault.[3] The circuit court ordered him to remain at St. Aemilian-Lakeside for sex offender treatment. The dispositional order in case no. 97–JV-XXX was extended with the adjudication of case no. 99–JV-XXX until March 12, 2001.

¶ 4. In March 2001, the circuit court extended Tremaine's dispositional order to March 12, 2002, for Kenosha county case nos. 97–JV-XXX, 98–JV-XX, and 99–JV-XXX. Referencing the same three cases, the court changed Tremaine's placement to Ethan Allen School, a secured correctional facility, on May 17, 2001.

¶ 5. Tremaine was adjudicated delinquent on November 1, 2001, for fourth-degree sexual assault.[4] The dispositional order mandated continued placement at Ethan Allen School and supervision by the Department of Corrections through March 12, 2002, concurrent with his supervision under case nos. 97–JV-XXX and 99–JV-XXX. Subsequently, Tremaine was adjudicated delinquent for having sex with a child age sixteen or older, contrary to WIS. STAT. § 948.09, and his placement at Ethan Allen School continued to March 12, 2003.[5]

¶ 6. A final extension hearing took place on March 6, 2003, and the circuit court extended Tremaine's dispositional order through March 12, 2004. This order for extension referenced all five previous

---

[3] Kenosha county case no. 99–JV-XXX.

[4] Kenosha county case no. 00–JV-XXX.

[5] Kenosha county case no. 02–JV-XXX.

adjudications.[6] On March 8, 2004, the State filed a WIS. STAT. ch. 980 petition to commit Tremaine as a sexually violent person within the meaning of WIS. STAT. § 980.01(7). Tremaine moved to dismiss the petition, arguing that only his first delinquency adjudication would qualify as a sexually violent offense as defined by ch. 980 of the Wisconsin Statutes and that the associated disposition did not order the correctional placement required by WIS. STAT. § 980.02(2)(ag). The circuit court denied Tremaine's motion to dismiss and Tremaine appeals.[7]

## DISCUSSION

¶ 7. The parties differ in their presentation of the issues. Tremaine contends that the change of placement order executed on May 17, 2001, was contrary to the plain language of WIS. STAT. § 938.34(4m), which prohibits a court from placing juveniles under the age of twelve in a secured correctional facility. He argues that the 97–JV-XXX dispositional order entered on March 12, 1998, when he was eleven years old, cannot form the basis for subsequent corrections placement.

¶ 8. The State first responds that Tremaine's challenge to the 2001 change of placement order is too late, and that this is an improper forum for a collateral attack on that order. We disagree. Tremaine does have the right to challenge that placement order in the

[6] Kenosha county case nos. 97–JV-XXX, 98–JV-XX, 99–JV-XXX, 00–JV-XXX, and 02–JV-XXX.

[7] On September 1, 2004, we granted leave to appeal the circuit court's nonfinal order pursuant to WIS. STAT. § 808.03(2) in order to clarify an issue of general importance to the administration of justice.

context of this Wɪs. Sᴛᴀᴛ. ch. 980 proceeding. *See, e.g., Neylan v. Vorwald,* 124 Wis. 2d 85, 97, 368 N.W.2d 648 (1985). "When a court or other judicial body acts in excess of its jurisdiction, its orders or judgments are void and may be challenged at any time." *Id.* (citation omitted). Furthermore, collateral attack is a proper method for challenging the order or judgment. *Id.* If Tremaine can demonstrate that the order was void, he is entitled to have it treated as a "legal nullity." *Id.* at 99 (citation omitted). We will therefore consider Tremaine's argument in the context of the ch. 980 petition.

¶ 9. The interpretation of a statute or its application to undisputed facts is a question of law, which this court reviews de novo. *State v. Keith,* 216 Wis. 2d 61, 68, 573 N.W.2d 888 (Ct. App. 1997). "When interpreting a statute, our purpose is to discern legislative intent. To this end, we look first to the language of the statute as the best indication of legislative intent. Additionally, we may examine the statute's context and history." *Village of Lannon v. Wood-Land Contractors, Inc.,* 2003 WI 150, ¶ 13, 267 Wis. 2d 158, 672 N.W.2d 275 (citations omitted). When interpreting a statute, we presume that "the legislature intends for a statute to be interpreted in a manner that advances the purposes of the statute." *State v. Carey,* 2004 WI App 83, ¶ 8, 272 Wis. 2d 697, 679 N.W.2d 910 (citation omitted), *review denied,* 2004 WI 114, 273 Wis. 2d 657, 684 N.W.2d 138 (WI June 8, 2004) (Nos. 03–1578–CR to 03–1583–CR).

¶ 10. A petition under Wɪs. Sᴛᴀᴛ. ch. 980 must allege that:

> The person is within 90 days of discharge or release . . . from a secured correctional facility, as defined in s. 938.02(15m) . . . *if the person was placed in the facility*

454

*for being adjudicated delinquent under s. 938.183 or 938.34 on the basis of a sexually violent offense* or from a commitment order that was entered as a result of a sexually violent offense.

WIS. STAT. § 980.02(2)(ag) (emphasis added). Tremaine does not dispute that at the time of the State's petition he was within ninety days of release from Ethan Allen School. He further acknowledges that the dispositional order for the sexually violent offense, case no. 97–JV-XXX, was extended several times and remained in effect at the time the State filed the ch. 980 petition. However, he asserts that he was placed at Ethan Allen school "for non-sexually violent offenses" and that he was merely "on supervision for 97 JV [XXX]." Therefore, he argues, he was not placed in the secured correctional facility for being adjudicated delinquent of a sexually violent offense.

¶ 11. Tremaine draws support for his position from *State v. Terry T.*, 2002 WI App 81, 251 Wis. 2d 462, 643 N.W.2d 175. Terry T. was adjudicated delinquent and all parties agreed that he should be placed at Homme Home, a facility with an appropriate treatment program. *Id.*, ¶¶ 2, 9. Terry T. was not eligible for Serious Juvenile Offender Program (SJOP) placement at the time of the original disposition because he was under the age of fourteen. *See* WIS. STAT. § 938.34(4h). Because of subsequent inappropriate conduct and because he was over the age of fourteen, the State later moved for a change of placement to Ethan Allen School for the SJOP. *See Terry T.*, 251 Wis. 2d 462, ¶¶ 2–3. The issue presented was "whether on a motion to extend supervision or change placement a juvenile court has the authority to order a juvenile's placement in the SJOP when that placement was not part of the original disposition." *Id.*, ¶ 5 (footnote omitted). We concluded

it did not. *Id.*, ¶ 17. We held that "the juvenile justice code authorizes a trial court to consider an SJOP placement only as part of an original disposition; it has no authority to consider the SJOP as a dispositional tool in any subsequent proceeding." *Id.*, ¶ 1.

■

¶ 12. Tremaine argues by analogy that a juvenile court does not have the authority to change his placement to a secured correctional facility where such placement was prohibited by a statutory age restriction at the time of the original disposition. His analogy fails, however, because it stretches our *Terry T.* conclusion beyond the intended scope. In *Terry T.*, we determined that the five-year SJOP placement may only occur at an original disposition. *Id.*, ¶ 12. We specifically distinguished SJOP placement, stating, "[I]t is not a means to extend or revise a disposition already in effect." *Id.* In contrast, the May 17, 2001 order here did extend and revise the existing disposition on Tremaine's sexually violent offense.[8] At the time Tremaine's placement was changed to Ethan Allen School, he was no longer under the age limit found in WIS. STAT. § 938.34(4m). Accordingly, the order placing Tremaine at Ethan Allen School was valid.

¶ 13. The remaining issue is whether WIS. STAT. ch. 980 applies where the juvenile was not placed in a secured correctional facility following the original adjudication of the underlying sexually violent offense, but rather as the result of extended and revised placement orders that incorporated additional offenses. Although

---

[8] Further, the record indicates that every extension and change of placement order referenced Kenosha county case no. 97–JV-XXX, the sexually violent offense.

no case law on this discrete issue exists, we consult our previous ruling in *Keith* for guidance. There, we observed:

> The Legislative Reference Bureau (LRB) note to the assembly bill which introduced [Wis. Stat. § 980.02(2)(ag)] stated that a petition should allege that a subject be "within 90 days of release from custody, commitment or supervision resulting from a conviction or adjudication for a sexually violent offense." . . . . [T]he LRB note suggests only a generalized conception of custody, rather than an examination of the numerical order in which various offenses were sentenced. This makes sense in light of ch. 980's twin objectives of protecting the public and treating high risk sex offenders to reduce the chance of future sexual misconduct. The risk that a sex offender may re-offend is not affected by the order in which he [or she] serves time . . . and the public is not endangered until the offender is actually released into the community.

*Keith*, 216 Wis. 2d at 72 (citations omitted).

¶ 14. We recognize that criminal sentencing concepts are foreign to juvenile proceedings. *See State v. Wolfe*, 2001 WI App 136, ¶ 15, 246 Wis. 2d 233, 631 N.W.2d 240. Nonetheless, the twin purposes of Wis. Stat. ch. 980 apply equally to juvenile offenders. We conclude that the risk of reoffense and the protection of the public are best served by applying a Wis. Stat. § 980.02(2)(ag) analysis to a juvenile's placement circumstances pending release rather than to a juvenile's placement under the original disposition. Tremaine's original disposition in case no. 97–JV-XXX could not have formed a basis for a ch. 980 petition; however, his subsequent placement in a secured correctional facility,

which was based at least in part on the sexually violent offense in case no. 97–JV-XXX, is sufficient to support the State's petition.

## CONCLUSION

¶ 15. At the time of the State's petition for Wis. Stat. ch. 980 commitment, Tremaine was within ninety days of release from a secured correctional facility. Tremaine's placement was based on a sexually violent offense as well as subsequent offenses. The requirements of Wis. Stat. § 980.02(2)(ag) are met and the circuit court properly denied Tremaine's motion to dismiss the State's petition.

*By the Court.*—Order affirmed.