**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 20, 2006[*]
Decided December 21, 2006

**Before**

Hon. FRANK H. EASTERBROOK, *Chief Judge*

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

No. 06-2682

| | |
|---|---|
| HUNG NAM TRAN,<br>    *Petitioner-Appellant*,<br><br>    *v.*<br><br>BRYAN BARTOW,<br>    *Respondent-Appellee*. | Appeal from the United States District Court for the Eastern District of Wisconsin<br><br>No. 05-C-1082<br><br>Lynn Adelman,<br>*Judge*. |

**ORDER**

Hung Nam Tran, who is being held in the Wisconsin Resource Center pending a trial under Wis. Stat. § 980 to determine whether he should be civilly committed as a sexually violent person, appeals from the dismissal of his petition under 28 U.S.C. § 2241 for a writ of habeas corpus. The district court concluded that Tran had failed to exhaust his state remedies before turning to federal court. We affirm the judgment.

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

Tran was convicted of first-degree sexual assault of a child in 1992. Shortly before his release from prison in 2004, the State of Wisconsin filed a petition to have him civilly committed as a sexually violent person. *See* Wis. Stat. § 980.02. After a hearing the Circuit Court of Racine County found probable cause to believe that Tran is a "sexually violent person," *see* Wis. Stat. §§ 980.01(7), 980.04(1), and ordered him detained pending a trial on the matter, *id*. § 980.04(3). To date this trial has not taken place. More than ten months after the probable-cause hearing, Tran moved for dismissal in the circuit court, claiming a number of constitutional deficiencies with the procedures used at the hearing. That same day Tran filed his § 2241 petition with the district court. The state moved to dismiss the federal action for failure to exhaust since Tran had not received a ruling on his motion to dismiss in the circuit court or pursued the matter in the Court of Appeals of Wisconsin. *See* Wis. Stat. § 808.03(2) (allowing discretionary appeals of non-final orders). The district court agreed with the state and dismissed the § 2241 petition.

Trial on the state's petition for civil commitment has not yet occurred, so Tran's situation is analogous to that of a pretrial detainee in a criminal case. Only in "special circumstances" will relief under § 2241 be available to a state prisoner before trial, *see Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir. 1979); *United States ex rel. Parish v. Elrod*, 589 F.2d 327, 329 (7th Cir. 1979), and even then only if the prisoner has exhausted available remedies in the state courts, *United States v. Castor*, 937 F.2d 293, 296–97 (7th Cir. 1991). We agree with the state that Tran could have presented his constitutional claims to the Wisconsin courts by obtaining a ruling on his motion to dismiss and then seeking a discretionary appeal under Wis. Stat. § 808.03(2). *See In re Commitment of Tremaine Y*, 694 N.W. 2d 462 (Wis. Ct. App.) (reviewing, under § 808.03(2), denial of pretrial motion to dismiss § 980 petition), *review denied*, 700 N.W. 2d 274 (Wis. 2005). Although an appeal under § 808.03(2) is discretionary, and the appellate court would not be required to hear his case, this does not mean that Tran is excused from pursuing this remedy. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). And since he did not, the district court was correct to dismiss his § 2241 petition.

AFFIRMED.