STATE of Wisconsin, Plaintiff-Respondent,

v.

Eric T. OLSON, Defendant-Appellant.

Court of Appeals

*No. 2008AP587–CR. Submitted on briefs September 8, 2008.
—Decided October 2, 2008.*

2008 WI App 171

(Also reported in 762 N.W.2d 393.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Byron C. Lichstein* of the *Criminal Appeals Project, Frank J. Remington Center, University of Wisconsin Law School*, Madison.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Michael C. Sanders*, assistant attorney general, and *J.B. Van Hollen*, attorney general.

Before Vergeront, Lundsten and Bridge, JJ.

¶ 1. LUNDSTEN, J. Eric Olson entered a plea to a charge of using a computer to facilitate a child sex crime in violation of WIS. STAT. § 948.075.[1] This crime requires proof "that the actor did an act, other than use a computerized communication system to communicate with the individual, to effect the actor's intent . . . ." Section 948.075(3). The issue here is whether this "act" element is satisfied either by Olson's transmission of live video of himself shirtless from the top of the chest up during an on-line chat or by his prior sexual encounters with other individuals who he met chatting on-line. We conclude that neither Olson's video transmission nor his prior sexual encounters constitute the type of

---

[1] All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise noted.

"act" contemplated by the statute. Accordingly, we reverse the circuit court's judgment convicting Olson under the statute and the circuit court's order denying Olson's postconviction motion for plea withdrawal. We remand to the circuit court so that Olson may withdraw his plea.

## Background

¶ 2. Olson engaged in a sexually explicit on-line chat session with a special agent posing as an eighth grade girl with the screen name "nora13queen."[2] During the chat, Olson asked nora13queen if she liked sex, probed for details about her sexual experiences, and inquired of nora13queen, "so what would you do for me."

¶ 3. At one point during the chat, Olson began using a webcam to transmit to nora13queen live streaming video of himself shirtless from the top of the chest up while he and nora13queen continued chatting.[3] The chat lasted approximately twenty-five minutes, at which point the special agent ended the session by telling Olson that nora13queen's mother was coming.

¶ 4. While executing a search warrant at Olson's residence, police found the chat information on Olson's computer. Olson made statements to the police, including an admission that he previously had sexual encounters with two adult women who he had also met chatting on-line.

[2] "Chat" in this context refers to "[a] synchronous exchange of remarks over a computer network." *See* http://www.thefreedictionary.com/chat.

[3] A "webcam" is "a camera that transmits still or moving images over the internet." *See* http://www.thefreedictionary.com/webcam.

¶ 5. Following charging, Olson moved to dismiss, arguing that there was no evidence that he did any "act" of the type required by WIS. STAT. § 948.075(3). The circuit court denied Olson's motion, and again rejected the same argument during Olson's postconviction proceeding.

### Discussion

¶ 6. Olson argues that he is entitled to plea withdrawal because his plea lacked a factual basis. The State does not dispute that Olson is entitled to withdraw his plea if a factual basis is lacking. *See State v. Smith*, 202 Wis. 2d 21, 25–26, 549 N.W.2d 232 (1996) (WIS. STAT. § 971.08(1)(b) requires a court to "establish a sufficient factual basis that the defendant committed the crime to which he or she is pleading"; the failure to establish the factual basis is a "manifest injustice" permitting withdrawal of a plea).

¶ 7. There also is no dispute as to the facts we should consider in determining whether a factual basis exists for Olson's plea. The parties' dispute instead centers on the proper interpretation of WIS. STAT. § 948.075 as applied to those facts. This presents a question of law for our *de novo* review. *See State v. Wilke*, 152 Wis. 2d 243, 247, 448 N.W.2d 13 (Ct. App. 1989).[4]

---

[4] Olson's plea was an *Alford* plea, that is, a plea in which the defendant enters a plea of guilty "while either maintaining his innocence or not admitting having committed the crime." *State v. Garcia*, 192 Wis. 2d 845, 856, 532 N.W.2d 111 (1995). Courts have said that, when a defendant enters an *Alford* plea, the factual basis requirement is satisfied only by "strong proof of guilt," thus suggesting that the requirement is more rigorous in *Alford* plea cases. *See, e.g., State v. Smith*, 202 Wis. 2d 21, 25, 27, 549 N.W.2d 232 (1996). This does not affect our analysis. The question here is simply whether Olson's undisputed conduct—his use of his

¶ 8. Statutory interpretation begins with the language of the statute. *State ex rel. Kalal v. Circuit Court for Dane County*, 2004 WI 58, ¶ 45, 271 Wis. 2d 633, 681 N.W.2d 110. We give statutory language its common, ordinary, and accepted meaning, except that technical or specially defined words or phrases are given their technical or special definitional meaning. *Id.* "The common meaning of a word may be ascertained by resort to a dictionary." *State v. Harmon*, 2006 WI App 214, ¶ 11, 296 Wis. 2d 861, 723 N.W.2d 732, *review denied*, 2007 WI 59, 299 Wis. 2d 326, 731 N.W.2d 637 (No. 2005AP2480–CR). Additionally, we construe a statute in the context in which it is used, not in isolation but as part of a whole, and reasonably, to avoid absurd or unreasonable results. *Kalal*, 271 Wis. 2d 633, ¶ 46.

¶ 9. As indicated above, WIS. STAT. § 948.075(3) provides:

> Proof that the actor did an act, other than use a computerized communication system to communicate with the individual, to effect the actor's intent under sub. (1) shall be necessary to prove that intent.

Section 948.075(3) thus imposes two requirements for the type of "act" necessary to prove intent to have sexual contact with the target individual under § 948.075(1).[5] The defendant must have done an act "to effect" that intent, and the act must be something other than

webcam to transmit video of himself shirtless from the top of the chest up to nora13queen during their on-line chat or his previous sexual encounters with other women he met chatting on-line—does or does not constitute the type of "act" required by WIS. STAT. § 948.075(3).

[5] We use the phrase "sexual contact" to include either sexual contact or sexual intercourse in violation of WIS. STAT. § 948.02(1) or (2). *See* WIS. STAT. § 948.075(1).

"us[ing] a computerized communication system to communicate with the individual."

¶ 10. Synonyms for "to effect" include "to accomplish" or "to execute." *See* Webster's Third New International Dictionary 724 (unabr. ed. 1993). Similarly, the legislature has used the phrase "to effect" elsewhere to mean "to carry out." *See, e.g.,* 2007 Wis. Act 20, § 635, creating Wis. Stat. § 20.931(18) ("This section shall be liberally construed and applied . . . to effect the congressional intent in enacting 31 USC 3279 to 3733 . . . .").

¶ 11. Accordingly, we read the statute to require that, before the State may obtain a conviction under Wis. Stat. § 948.075, the defendant must have done an act to accomplish, execute, or carry out the defendant's intent to have sexual contact with the individual with whom the defendant communicated.[6] More significant for purposes of this decision, the statute requires that the act be something *other than* "us[ing] a computerized communication system to communicate with the individual." With this understanding of the statute in mind, we turn to address Olson's conduct.

*A. Olson's Use Of A Webcam*
*To Transmit Live Video Of Himself*

¶ 12. Olson argues that his use of the webcam to transmit live video of himself shirtless from the top of the chest up does not fit the "act" requirement because

---

[6] Our reading of the statute is consistent with the corresponding Wisconsin pattern jury instruction, which defines "to effect" as "to carry out." *See* Wis JI—Criminal 2135. "[W]hile jury instructions are not precedential, they are of persuasive authority." *State v. Olson,* 175 Wis. 2d 628, 642 n.10, 498 N.W.2d 661 (1993).

it was *not* an act *other than* "us[ing] a computerized communication system to communicate with" nora13queen. Wɪs. Sᴛᴀᴛ. § 948.075(3). We agree.

¶ 13.   There is no dispute that, under the statute, a webcam may constitute part of a "computerized communication system." Thus, the question here is whether Olson's use of his webcam was "to communicate" with nora13queen, within the meaning of Wɪs. Sᴛᴀᴛ. § 948.075(3).

¶ 14.   "Communicate" is not defined in Wɪs. Sᴛᴀᴛ. § 948.075, but the common and ordinary meaning of the term includes definitions that encompass transmission of a live image of oneself with a webcam. *See, e.g.,* Wᴇʙsᴛᴇʀ's Tʜɪʀᴅ Nᴇᴡ Iɴᴛᴇʀɴᴀᴛɪᴏɴᴀʟ Dɪᴄᴛɪᴏɴᴀʀʏ 460 (giving "impart" and "transmit" as synonyms for "communicate" and defining "communicate" to mean, among other things, "to send information or messages sometimes back and forth").

¶ 15.   Perhaps more to the point, when we consider the context in which the term "communicate" is being used—a crime with a threshold requirement that there be communication via a "computerized communication system"—the most reasonable interpretation of "communicate" includes the transmission of live video of oneself from the top of the chest up by webcam as part of an ongoing on-line chat. We fail to discern a difference between Olson's use of the webcam and Olson describing his appearance during his already ongoing chat. Indeed, the State does not offer any argument explaining why the statutory language "use a computerized communication system to communicate" can reasonably be read to exclude all transmissions of a live video of oneself regardless of context.

¶ 16.   We conclude that Olson's use of his webcam to transmit video of himself was, under the circum-

stances of this case, nothing more than the use of his computer to communicate with nora13queen. Consequently, we disagree with the circuit court and the State that Olson engaged in the type of act required under WIS. STAT. § 948.075(3) by transmitting that video. At the same time, we stress here and below in this opinion that it may be possible to use a communication function of a computer to engage in an "act" within the meaning of the statute.

¶ 17.   We turn to the State's arguments. The State first argues that it makes no sense to interpret the statute to allow use of a webcam to send still images or videos, including, for example, pornographic ones, to a child in all cases. Our response is twofold.

¶ 18.   First, our application of the statute to the facts here does not necessarily mean that use of a webcam to send images could never satisfy the "act" requirement. For example, we take no position on what the proper result would be if nora13queen and Olson agreed to meet and Olson then used his computer to transmit an image of a sign with directions to the meeting spot. We also do not take a position on what the proper result would be if Olson had used his computer to purchase and transmit an "e-ticket" for nora13queen to travel to meet Olson.[7]

¶ 19.   Second, to the extent the State is concerned that people like Olson use computers to transmit inappropriate material to actual children, we note that other criminal statutes are directed at such conduct. *See* WIS. STAT. § 948.11 (exposing a child to harmful

---

[7] An "e-ticket" has been defined as "[a] reservation, as for a seat on an airplane, for which confirmation is granted electronically in lieu of a printed ticket." *See* http://www.thefree dictionary.com/e-ticket.

638

material or harmful descriptions or narrations); Wɪs. Sᴛᴀᴛ. § 948.055 (causing a child to view or listen to sexual activity).

¶ 20. The State also argues that the "act" requirement is met because Olson's use of the webcam was "a separate act that could be viewed as an attempt to entice 'nora13queen' or prepare her for sexual contact or intercourse." This argument seems to relate to the requirement in Wɪs. Sᴛᴀᴛ. § 948.075(3) that Olson had to do an act "to effect" his intent to have sexual contact with nora13queen. The State appears to be arguing that Olson's transmission of his image was a "grooming" technique to accomplish or carry out his intent to have sexual contact with nora13queen. Even if this argument otherwise had merit, it fails for a reason we have already explained:  Olson's use of the webcam was not an act "other than us[ing] a computerized communication system to communicate with" nora13queen.

¶ 21. In asserting that Wɪs. Sᴛᴀᴛ. § 948.075 should apply to Olson, the State also argues:

[I]t seems likely that in adding the language in sub. (3) referring to an act, other than the use of a computerized communication system, the legislature wanted to avoid concerns about a person being convicted solely for engaging in inappropriate Internet chats or e-mails with a child, with no evidence of intent to have sexual contact or intercourse with the child.

This argument ignores the legislature's express determination that a particular *type* of "act" is necessary. More to the point, if the legislature had intended to require nothing more than what is usually required to prove intent (to have sexual contact) or had intended that intent could be proven by nothing more than a computer communication itself, the legislature would

639

not have required an "act, other than us[ing] a computerized communication system to communicate with" the target individual, "to effect" the actor's intent.

¶ 22. The circuit court concluded that Olson's use of the webcam, or Olson's portrayal of himself on the webcam, was akin to conduct we deemed to satisfy the "act" requirement in *State v. Schulpius*, 2006 WI App 263, 298 Wis. 2d 155, 726 N.W.2d 706, *review denied*, 2007 WI 61, 300 Wis. 2d 194, 732 N.W.2d 860 (No. 2006AP283–CR). We disagree. In *Schulpius*, the defendant engaged in sexually explicit computer conversations with an investigator posing as a fourteen-year-old girl named "Meghan." *Id.*, ¶¶ 1–2, 4. Schulpius used the internet to send "Meghan" a photograph of a nude male with an erect penis and told her that it was a picture of him. *Id.*, ¶ 4. There was also evidence that Schulpius drove through "Meghan's" neighborhood for the specific purpose of meeting her and to get her interested in chatting again, and that he purchased condoms and made reference to those condoms in his computer communications. *Id.*, ¶ 13.

¶ 23. Even if we assume that Schulpius's conduct in sending a picture is, for purposes of the "act" requirement, comparable to Olson's use of a webcam here, in *Schulpius* we did not rely on the transmission of the explicit photograph. Rather, we relied on Schulpius's driving through "Meghan's" neighborhood. *Id.* Notably, we said that "the non-computer-assisted act of driving through the area was 'to effect' [Schulpius's] 'intent' to have sex with the girl he knew as 'Meghan,' and thus satisfied the requirement in § 948.075(3)." *Id.* Alternatively, we relied on the condom purchase, because that evidence supported the inference that Schulpius purchased the condoms for use with "Meghan." *Id.*

## B. Olson's Sexual Encounters With Other Women He Met Chatting On-Line

¶ 24.   Olson next argues that the circuit court erred when it concluded that his previous sexual encounters with other women he met chatting on-line satisfied the "act" requirement. The State does not defend the circuit court's decision on this ground. Rather, the State notes the circuit court's conclusion and says only that "it is unclear whether that evidence is sufficient to constitute an act to 'effect' [Olson's] intent to have sex with 'nora13queen.' " We agree with Olson that the circuit court's conclusion on this topic is in error.

¶ 25.   Olson's admission of previous sexual encounters arising from internet chats might be relevant evidence. For example, it might, depending on other evidence, be used as admissible other acts evidence. But Olson's admission does not involve an act to accomplish, execute, or carry out his intent in *this* case. Accordingly, those encounters could not constitute the required act with respect to nora13queen under WIS. STAT. § 948.075(3).

### *Conclusion*

¶ 26.   In sum, neither Olson's use of his webcam to transmit live video of himself shirtless from the top of the chest up nor his prior sexual encounters with other women he met chatting on-line constitute the required "act" under WIS. STAT. § 948.075(3). Accordingly, Olson's plea lacked a factual basis and he is entitled to withdraw it. We therefore reverse the circuit court's order denying Olson's postconviction motion for plea with-

drawal, along with the underlying judgment of conviction, and we remand to the circuit court so that Olson may withdraw his plea.

*By the Court.*—Judgment and order reversed and cause remanded with directions.