In re the commitment of Hershel R. Stanley:

State of Wisconsin,
Petitioner-Appellant,

v.

Hershel R. Stanley,
Respondent-Respondent.†

Court of Appeals

*No. 2013AP2477. Submitted on briefs May 8, 2014.
—Decided July 24, 2014.*

2014 WI App 89

(Also reported in 853 N.W.2d 600.)

† Petition for Review denied.

On behalf of the petitioner-appellant, the cause was submitted on the briefs of *Christine A. Remington*, assistant attorney general, and *J.B. Van Hollen*, attorney general.

On behalf of the respondent-respondent, the cause was submitted on the brief of *Tristan S. Breedlove*, assistant state public defender of Madison.

Before Blanchard, P.J., Lundsten and Kloppenburg, JJ.

¶ 1. KLOPPENBURG, J. The State of Wisconsin appeals an order dismissing the State's petition to commit Hershel Stanley as a sexually violent person under Wis. Stat. ch. 980 (2011–12).[1] The circuit court dismissed the ch. 980 petition as untimely filed based on its determination that: (1) the Department of Corrections (DOC) was required to release Stanley from confinement on parole on Stanley's presumptive mandatory release date of May 7, 2008; (2) the State was required to file the ch. 980 petition before the May 7, 2008 release date; and (3) the State filed the ch. 980 petition after this release date.

¶ 2. The State argues that the circuit court erred in dismissing the Wis. Stat. ch. 980 petition because the petition was timely filed under Wis. Stat. § 980.02(1m). Based on our interpretation of § 980.02(1m), as set forth below, we conclude that the ch. 980 petition was timely filed. We therefore reverse and remand.

---

[1] All references to the Wisconsin Statutes are to the 2011–12 version unless otherwise noted.

We note that while the State filed the Wis. Stat. ch. 980 petition at issue in this appeal in 2010, the only part of Wis. Stat. ch. 980 relevant here, Wis. Stat. § 980.02(1m), is unchanged from the date the State filed the ch. 980 petition.

## BACKGROUND

*Explanation of Stanley's Sentence Structure
and Wisconsin's Parole System*

¶ 3. Stanley was sentenced for the conviction underlying the WIS. STAT. ch. 980 petition at issue in this appeal in 1998 under Wisconsin's system of indeterminate sentencing, and he was therefore eligible for parole. *See State v. Borrell,* 167 Wis. 2d 749, 764, 482 N.W.2d 883 (1992) ("Under Wisconsin's system of indeterminate sentencing, the convicted defendant is generally eligible for parole release . . . ."). Accordingly, we provide a brief description of Wisconsin's parole system and its applicability to Stanley.

¶ 4. Under Wisconsin's parole system, an inmate is generally eligible for release on parole "after serving the greater of six months or one-quarter of the sentence." *State v. Crochiere,* 2004 WI 78, ¶ 6, 273 Wis. 2d 57, 681 N.W.2d 524, (citing WIS. STAT. § 304.06(1)(b) (1999–2000)), *abrogated on other grounds by State v. Harbor,* 2011 WI 28, 333 Wis. 2d 53, 797 N.W.2d 828. The Parole Commission decides whether an inmate who is eligible for parole will be released on parole. *Crochiere,* 273 Wis. 2d 57, ¶ 6 (citing WIS. STAT. § 304.01 (1999–2000)). Generally, absent "extenuating circumstances," an inmate is entitled to release on parole on his or her mandatory release date, when the inmate has served two-thirds of the sentence. *Crochiere,* 273 Wis. 2d 57, ¶ 6 (citing WIS. STAT. § 302.11(1) (1999–2000)).

¶ 5. However, a different rule applies for an inmate like Stanley who is serving a sentence for "a serious felony committed on or after April 21, 1994, but

before December 31, 1999."[2] Wis. Stat. § 302.11(1g). For such an inmate, the mandatory release date at two-thirds of the sentence is a "presumptive mandatory release date." Wis. Stat. § 302.11(1g). An inmate with a presumptive mandatory release (PMR) date is not *entitled* to release on his or her PMR date; instead, whether to release an inmate on his or her PMR date is within the discretion of the Parole Commission. *See State ex rel. Gendrich v. Litscher*, 2001 WI App 163, ¶¶ 1, 10, 246 Wis. 2d 814, 632 N.W.2d 878; Wis. Stat. § 302.11(1g)(b). The Parole Commission is authorized to deny release on parole "for protection of the public or due to refusal by the inmate to participate in counseling or treatment deemed necessary." Wis. Admin. Code § PAC 1.09(8).

¶ 6. With exceptions not relevant here, regardless whether an inmate is granted or denied parole, the inmate's maximum discharge date is the date on which "the sentence pronounced by the [circuit] court terminates." *State ex rel. Hauser v. Carballo*, 82 Wis. 2d 51, 56, 261 N.W.2d 133 (1978); *see also State v. Thomas*, 2000 WI App 162, ¶ 6 n.2, 238 Wis. 2d 216, 617 N.W.2d 230 (describing the "maximum discharge date" as "the date on which the sentence would . . . [be] completed").

### Facts of This Case

¶ 7. On March 31, 1998, Stanley was convicted of two counts of second degree sexual assault of a child, in

---

[2] There is no dispute that Stanley was serving a sentence for "a serious felony committed on or after April 21, 1994, but before December 31, 1999." Wis. Stat. § 302.11(1g). This is so because, in 1998, Stanley was convicted of an offense statutorily defined as a serious felony, namely, second degree sexual assault of a child in violation of Wis. Stat. § 948.02(2) (1997–98). *See* Wis. Stat. § 302.11(1g)(a)2. (1997–98).

273

violation of WIS. STAT. § 948.02(2) (1997–98). On the first count, the circuit court imposed an indeterminate sentence of six years' imprisonment. On the second count, the court placed Stanley on probation for a period of eight years, and imposed and stayed an indeterminate sentence of five years' imprisonment.

¶ 8. Stanley completed his sentence on the first count in March 2004. Stanley then began serving the eight-year term of probation on the second count. On July 21, 2005, Stanley's probation was revoked, and Stanley began serving the previously imposed-and-stayed five-year sentence. DOC calculated Stanley's PMR date as January 7, 2008, and Stanley's maximum discharge date as September 7, 2009.

¶ 9. On August 18, 2005, in a new criminal case, Stanley was convicted of two counts of prostitution, in violation of WIS. STAT. § 944.30(2) (2005–06). On each of the counts in this new case, Stanley was sentenced to a three-month term of imprisonment. The three-month terms of imprisonment were consecutive to one another and to the five-year sentence. DOC subsequently recalculated Stanley's PMR date as September 7, 2008, and Stanley's maximum discharge date as March 7, 2010.

¶ 10. On June 16, 2008, DOC staff realized that DOC had incorrectly calculated Stanley's PMR date, and determined that Stanley's correct PMR date had been May 7, 2008. On June 24, 2008, the Parole Commission conducted a PMR review of Stanley's case. The Parole Commission at that time denied Stanley release on parole, finding that it would create an unreasonable risk to the public. Stanley remained incarcerated, and on January 6, 2010, the State filed to have Stanley committed as a sexually violent person under WIS. STAT. ch. 980.

¶ 11. Stanley moved to dismiss the WIS. STAT. ch. 980 petition as not timely filed based on his assertion that DOC failed to release him on his PMR date of May 7, 2008, and that the State should have filed the ch. 980 petition before that date. The circuit court granted Stanley's motion to dismiss. The State appeals.[3]

## DISCUSSION

¶ 12. The State argues that the WIS. STAT. ch. 980 petition was timely filed under WIS. STAT. § 980.02(1m) because Stanley was confined when the petition was filed. The State bases this argument on its interpretation of the plain language of § 980.02(1m), and asserts in its brief-in-chief that the issues in this appeal turn on this court's de novo review of the interpretation of that statute. Stanley does not directly respond to the State's argument regarding the plain language of § 980.02(1m), but instead focuses on the issue of his proper release date based on his interpretation of the plain language of WIS. STAT. § 302.11(1g)(b). Stanley asserts that, based on his interpretation of § 302.11(1g)(b), the ch. 980 petition was not timely filed because it was filed after he was required to have been released on his proper PMR date of May 7, 2008.

¶ 13. For purposes of this appeal, we assume, without deciding, that DOC was required to release Stanley on parole on Stanley's PMR date of May 7, 2008, because the Parole Commission had not conducted a review of Stanley's case before that date, in violation of WIS. STAT. § 302.11(1g)(b). However, even assuming that DOC was required to *release* Stanley on

---

[3] The circuit court granted the State's motion to stay the order dismissing the WIS. STAT. ch. 980 petition during the pendency of the State's appeal.

his PMR date, we conclude that the Wis. Stat. ch. 980 petition was timely filed based on the language of Wis. Stat. § 980.02(1m), because that statute permits filing a ch. 980 petition before a person is "discharged," and the petition here was filed before Stanley was discharged from his sentence. In the sections that follow, we set forth the applicable standard of review, interpret the language of § 980.02(1m), and apply the language of § 980.02(1m) to the facts here.

*Standard of Review*

¶ 14. Statutory interpretation presents a question of law that this court reviews de novo. *State v. Dinkins*, 2010 WI App 163, ¶ 10, 330 Wis. 2d 591, 794 N.W.2d 236. "Statutory interpretation begins with the language of the statute, and if the meaning of the statute appears plain from its language, we ordinarily stop there." *State v. Stanley*, 2012 WI App 42, ¶ 16, 340 Wis. 2d 663, 814 N.W.2d 867. "We give statutory language its common, ordinary, and accepted meaning, except that technical or specially defined words or phrases are given their technical or special definitional meaning." *State v. Olson*, 2008 WI App 171, ¶ 8, 314 Wis. 2d 630, 762 N.W.2d 393. In addition, we construe statutes in the context in which they are used, " 'not in isolation but as part of a whole[,] in relation to the language of surrounding or closely-related statutes.' " *Stanley*, 340 Wis. 2d 663, ¶ 16 (quoted source omitted).

*Interpretation and Application
of Wis. Stat. § 980.02(1m)*

¶ 15. Wisconsin Stat. § 980.02(1m) provides: "A petition filed under this section shall be filed before the

276

person is *released or discharged."* (Emphasis added.) The legislature uses two distinct words in this subsection: "released" and "discharged," separated by "or." "Where the legislature uses similar but different words in a statute, particularly the same section, we presume the legislature intended that the words have different meanings." *American Transmission Co., LLC v. Dane Cnty.*, 2009 WI App 126, ¶ 14 n.7, 321 Wis. 2d 138, 772 N.W.2d 731.

¶ 16. The words "released" and "discharged" are not defined in Wis. Stat. § 980.02(1m). "In the absence of a statutory definition, all words must be construed according to their common and approved usage." *Sheboygan Cnty. Dep't. of Health and Human Servs. v. Jodell G.*, 2001 WI App 18, ¶ 13, 240 Wis. 2d 516, 625 N.W.2d 307 (WI App 2000). However, if a word or a phrase is a legal term of art, we give the word or phrase its accepted legal meaning. *City of Milwaukee v. Washington*, 2007 WI 104, ¶ 32, 304 Wis. 2d 98, 735 N.W.2d 111.

¶ 17. We conclude that, in the context of a criminal sentence, the words "released" and "discharged" are legal terms of art. Because the words are not defined in Wis. Stat. § 980.02(1m), we look to case law and closely related statutes to determine their accepted legal meanings.

¶ 18. In *Thomas*, 238 Wis. 2d 216, ¶ 19, this court used the words "released" and "discharged" in the following manner:

> Unlike a mandatory *release situation* where an inmate's *sentence technically continues while on parole*, a *discharge date signals the end of a criminal sentence.* Once an inmate has reached his or her discharge date, the

appropriate amount of time has been served and the inmate should be released from custody. The DOC's authority over that person has ceased.

(Emphasis added.) Similarly, in *Grobarchik v. State*, 102 Wis. 2d 461, 468, 307 N.W.2d 170 (1981), the supreme court used the words "released" and "discharged" in the following manner:

> By virtue of the parole statutes . . . a person may be *released from prison* prior to the expiration of his [or her] sentence. However, the *sentence itself continues* during parole until the defendant is *finally discharged* . . . at the expiration of the [sentence]. Until discharge, the defendant is in the constructive custody of the state and is subject to forfeiture of his liberty for violation of the conditions of his parole.

(Emphasis added and citations omitted.)

¶ 19. In closely related statutes and regulations, the words "released" and "discharged" are used in a manner consistent with how this court and the supreme court used the words in *Thomas* and *Grobarchik. See State ex. rel. Kalal v. Circuit Court for Dane Cnty.*, 2004 WI 58, ¶ 46, 271 Wis. 2d 633, 681 N.W.2d 110 (statutory language is interpreted "in relation to the language of surrounding or closely-related statutes").

¶ 20. In closely related statutes and regulations, the word "released" is used to describe release from confinement in prison. *See* WIS. STAT. § 302.11(1) ("Except as provided . . . each inmate is entitled to mandatory *release on parole* by the department." (emphasis added)); WIS. ADMIN. CODE § DOC 302.21(3)(b)1. ("The projected mandatory release date is the date on which the inmate is to be *released from the institution* . . . ." (emphasis added)); WIS. STAT. § 302.11(6) ("Except as

278

provided in ch. 304, *releases from prison* shall be on the Tuesday or Wednesday preceding the release date." (emphasis added)).

¶ 21. In closely related statutes and regulations, the word "discharged" is used to describe the completion of a criminal sentence. *See* Wis. Stat. § 302.11(6) ("Any inmate released on parole . . . is subject to all conditions and rules of parole until the expiration of the sentence or until he or she is discharged by the department [of corrections] . . . . The department may discharge a parolee on or after his or her mandatory release date or after 2 years of supervision."); Wis. Admin. Code § 328.16(2) ("When supervision has expired, the department shall . . . issue a certificate of discharge or a certificate of final discharge if the offender has discharged from all felony cases. A certificate of final discharge . . . shall list the civil rights that have been restored to the offender . . . .").

¶ 22. Based on the usage of the words "released" and "discharged" in the case law and in closely related statutes and regulations, we conclude that the words have the following common and accepted legal meanings in the context of a criminal sentence: "released" means to free a person from confinement in prison, and "discharged" means to free a person from DOC custody status upon completion of the criminal sentence. A person serving a prison sentence is "confined" until he or she is "released" from prison, and the person remains in DOC "custody status" until he or she is "discharged" upon completion of the criminal sentence. Hence, the use of the word "discharge" in a person's maximum "discharge" date corresponds to its use in Wis. Stat. § 980.02(1m), and in both usages the meaning is the completion of the criminal sentence. *See Thomas*, 238

279

Wis. 2d 216, ¶ 6 n.2 (describing the "maximum discharge date" as "the date on which the sentence would . . . [be] completed").

■

¶ 23. Applying the common and accepted legal meanings of "released" and "discharged" as those terms are used in Wis. Stat. § 980.02(1m), we conclude that the statute requires that the Wis. Stat. ch. 980 petition be filed *either* before the person is freed from confinement in prison *or* before the person's entire sentence is completed.

¶ 24. In this case, Stanley's maximum discharge date was March 7, 2010. The State filed the Wis. Stat. ch. 980 petition on January 6, 2010, approximately two months before Stanley reached his maximum discharge date. As we have explained, Wis. Stat. § 980.02(1m) requires that a ch. 980 petition be filed before the person is either released *or* discharged. Whether or not Stanley was "released" on his PMR date of May 7, 2008, he remained in DOC "custody status" until his maximum discharge date of March 7, 2010, when he would complete his criminal sentence and be "discharged." Because the State filed the ch. 980 petition before Stanley was discharged, we conclude that the petition was timely filed under § 980.02(1m).

¶ 25. Stanley suggests that this court's decision in *Thomas* forecloses our conclusion that the Wis. Stat. ch. 980 petition was timely filed. Stanley fails to acknowledge a fundamental factual difference between his case and *Thomas*, specifically, that the ch. 980 petition in *Thomas* was filed *after* Thomas had reached his maximum discharge date, while the ch. 980 petition in Stanley's case was filed *before* Stanley reached his maximum discharge date. Our discussion in *Thomas* centered on the fact that Thomas had reached his

280

maximum discharge date before the State filed the ch. 980 petition, and we explained:

> The petition against Thomas was filed three days after he was discharged from his criminal sentence. The State does not point to an administrative code section or statute allowing it to detain Thomas beyond his sentence's discharge date in order to file a WIS. STAT. ch. 980 petition, and we hold that it was without authority to do so.

*Thomas*, 238 Wis. 2d 216, ¶ 17. Unlike in *Thomas*, DOC did not detain Stanley beyond his maximum discharge date in order to allow the State to file the ch. 980 petition. Instead, the State filed the ch. 980 petition in January 2010, approximately two months before Stanley's March 2010 maximum discharge date. Accordingly, *Thomas* does not foreclose our conclusion that the ch. 980 petition in this case was timely filed.

## CONCLUSION

¶ 26. For the reasons set forth above, we conclude that the WIS. STAT. ch. 980 petition was timely filed. We therefore reverse and remand for the circuit court to reinstate the State's ch. 980 petition, and to continue with the proceedings to determine whether Stanley meets the criteria for commitment under ch. 980.

*By the Court.*—Order reversed and cause remanded with directions.