AMERICAN TRANSMISSION CO., LLC,
Plaintiff-Respondent,

v.

DANE COUNTY, Defendant-Appellant.

Court of Appeals

*No. 2008AP2604. Submitted on briefs May 13, 2009.
—Decided July 23, 2009.*

2009 WI App 126

(Also reported in 772 N.W.2d 731.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Marcia MacKenzie, Dane County Corporation Counsel*, and *Leslie A. Hamilton, Assistant Corporation Counsel*.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Brady C. Williamson* and *David J. Giles* of *Godfrey & Kahn, S.C.*, Madison.

A nonparty brief was filed by *Jennifer E. Nashold* and *David A. Ludwig*, Madison, for the Public Service Commission of Wisconsin.

Before Dykman, Vergeront and Peterson, JJ.

¶ 1. VERGERONT, J. This action for a declaratory judgment arises out of a dispute between American Transmission Co., LLC, and Dane County over whether the construction of three transmission lines in Dane County are subject to county ordinance requirements for various permits. The construction projects were each authorized by the Wisconsin Public Service Commission (PSC) through the issuance of a certificate of public convenience and necessity. The circuit court agreed with American Transmission that Dane County does not have the authority to enforce any ordinance with respect to matters that were or could have been addressed by the PSC in the proceedings on the certificates. Dane County appeals, contending that the circuit court erred in its construction and application of Wis. Stat. § 196.491(3)(i) (2007–08),[1] which provides: "If installation or utilization of a facility for which a certificate of convenience and necessity has been granted is precluded or inhibited by a local ordinance, the installation and utilization of the facility may nevertheless proceed." *Id.*

¶ 2. We conclude that in Wis. Stat. § 196.491(3)(i) the legislature has expressly withdrawn the power of municipalities to act, once the PSC has issued a certificate of public convenience and necessity, on any matter that the PSC has addressed or could have addressed in that administrative proceeding. We also conclude that

---

[1] All references to the Wisconsin Statutes are to the 2007–08 version unless otherwise noted.

the local power that is withdrawn by the statute includes requiring the application for local permits of the type that are in dispute in this case. Accordingly, we affirm the circuit court.

## BACKGROUND

¶ 3. American Transmission proposed to build three separate high-voltage transmission lines within Dane County. WISCONSIN STAT. § 196.491(3)(a) and (1)(e) prohibit a person from beginning construction on a high voltage transmission line unless the PSC has issued a certificate of public convenience and necessity.[2] American Transmission applied for a certificate of public convenience and necessity for each of the projects and the PSC issued an order for each project granting a certificate, with the first order issued in July 2007 and the third issued in June 2008.

¶ 4. American Transmission involved Dane County officials in certain aspects of the planning of these projects, particularly the two that were wholly within Dane County and involved new rights-of-way. After the first of the three certificates was issued, Dane County took the position that construction could not begin on that project until American Transmission obtained a shoreland erosion control permit under DANE COUNTY, WIS., ORDINANCES § 11.05 (2007) ("Shoreland Erosion Control") and a wetland zoning permit under DANE COUNTY, WIS., ORDINANCES § 11.08(4) (2007) ("Uses . . . Allowed in Shoreland-Wetland . . . Districts Subject to . . . Zoning (Land Use) Permit"). With respect to the second project, Dane County's position was that a

---

[2] WISCONSIN STAT. § 196.491(3) applies to all "facilities," and a facility is defined as a "large electric generating facility or a high-voltage transmission line." Section 196.491(1)(e).

general erosion control permit under DANE COUNTY, WIS., ORDINANCES ch. 14 (2009) (" . . . Erosion Control and Stormwater Management") was necessary. American Transmission did not apply for these permits because of its view that the county permit process would "inhibit" the construction of the projects within the meaning of WIS. STAT. § 196.491(3)(i) and Dane County therefore did not have the authority to require these permits.

¶ 5. As soon as the PSC issued a certificate of public convenience and necessity for the third project, American Transmission filed this action seeking a judgment declaring that Dane County does not have the authority to require permits relating to the construction of projects for which the PSC has issued a certificate of public convenience and necessity under WIS. STAT. § 196.491(3). The circuit court denied Dane County's motion for summary judgment and entered summary judgment in favor of American Transmission. The court concluded that § 196.491(3)(i) preempts a local ordinance where the PSC or the Department of Natural Resources (DNR), acting in partnership with the PSC,[3] has the authority to consider the same subject matter as that of the ordinance in issuing a certificate of public convenience and necessity. Accordingly, the court entered a judgment declaring that Dane County does not have the authority to enforce or apply any ordinance with respect to matters that were addressed or could have been addressed in any adminis-

---

[3] WISCONSIN STAT. § 196.491(3)(a)3. requires the involvement of the DNR in reviewing plans submitted by applicants, advising the applicants of the DNR permits that are necessary based on the plans, and acting on the application for these permits. WISCONSIN STAT. § 30.025 specifically addresses the procedure for DNR permits that is applicable in the context of § 196.491(3).

trative proceeding conducted either by the PSC or the DNR concerning American Transmission's applications for certificates of public convenience and necessity.

## DISCUSSION

[1]

¶ 6.   On appeal Dane County challenges the circuit court's construction of Wis. Stat. § 196.491(3)(i), asserting that the plain language of the statute does not prevent local regulation unless it "blocks" a project. Dane County contends that simply requiring American Transmission to apply for permits does not have that effect. According to Dane County, the statute does not expressly preempt local regulation and the alternative standards for establishing preemption are not met.

¶ 7.   American Transmission responds that Wis. Stat. § 196.491(3)(i) plainly and expressly preempts the local ordinances Dane County seeks to enforce. According to American Transmission, requiring American Transmission to apply for permits under the Dane County ordinances on shoreland erosion control, wetland zoning, and general erosion control would plainly "inhibit" the construction of the three projects for which the PSC has issued certificates of public convenience and necessity.[4]

■

¶ 8.   We review de novo the grant or denial of summary judgment, employing the same methodology as the circuit court. *Green Spring Farms v. Kersten,* 136 Wis. 2d 304, 314–15, 401 N.W.2d 816 (1987). Where, as

---

[4] The PSC has filed an amicus brief arguing essentially the same view of the statute as that taken by the circuit court and American Transmission.

here, there are no material factual disputes, the issue is which party is entitled to judgment as a matter of law. *See* WIS. STAT. § 802.08(2). In this case the answer to that question requires that we interpret WIS. STAT. § 196.491(3)(i) in the context of the preemption doctrine.[5]

¶ 9.    Under the preemption doctrine, where a matter is of statewide concern, local control must yield if:    (1) the legislature has clearly and expressly withdrawn the power of municipalities to act; (2) the local regulation logically conflicts with state legislation; (3) the local regulation defeats the purpose of state legislation; or (4) the local regulation violates the spirit of state legislation. *DeRosso Landfill Co. v. City of Oak Creek*, 200 Wis. 2d 642, 657, 547 N.W.2d 770 (1996). Dane County does not dispute that the regulation of high-voltage transmission lines is a matter of statewide concern.

¶ 10.    We agree with the circuit court and American Transmission that there is preemption on the first ground—express    withdrawal    in    WIS.    STAT. § 196.491(3)(i) of the power of municipalities to act. We therefore do not address Dane County's argument that there is no preemption on the other grounds.

---

[5] Although there may be discretionary aspects to a circuit court's decision whether to grant or deny declaratory relief, when the appropriateness of the court's decision depends upon a question of law, our review is de novo. *See J.G. v. Wangard*, 2008 WI 99, ¶ 18, 313 Wis. 2d 329, 753 N.W.2d 475. The appropriateness of the court's declaratory judgment in this case depends upon the proper construction of a statute, which presents a question of law, where, as here, the facts are undisputed. *See Cambier v. Integrity Mut. Ins. Co.*, 2007 WI App 200, ¶ 12, 305 Wis. 2d 337, 738 N.W.2d 181.

¶ 11. Wisconsin Stat. § 196.491(3)(i) provides: "If installation or utilization of a facility for which a certificate of convenience and necessity has been granted is precluded or inhibited by a local ordinance, the installation and utilization of the facility may nevertheless proceed." Because the supreme court in *RURAL v. PSC*, 2000 WI 129, 239 Wis. 2d 660, 619 N.W.2d 888, has interpreted § 196.491(3)(i) and applied it in a context that is relevant to this case, we begin our analysis with a discussion of *RURAL*.

¶ 12. In *RURAL* the Village of Rockdale opposed some of the conditions the PSC imposed in a certificate of public convenience and necessity on the ground that the conditions "had the effect of wrongfully excluding Rockdale from its extraterritorial zoning authority over the Town of Christiana." *RURAL*, 239 Wis. 2d 660, ¶ 64. The condition Rockdale pointed to as an example provided that the company constructing the power plant " 'shall seek [certain rezoning] from the town of Christiana and, if applicable, the village of Rockdale . . . .' " *Id.* The court rejected Rockdale's position, concluding that the PSC had "reasonably interpreted and applied statutory authority [Wis. Stat. § 196.491(3)(i)] that precludes zoning or other local ordinances from inhibiting the construction or operation of a facility." *Id.*, ¶ 65.

¶ 13. In arriving at this conclusion, the court in *RURAL* stated that the "purpose of [Wis. Stat. § 196.491(3)(i)] is clear on its face. Local ordinances, such as zoning ordinances, cannot impede what has been determined to be of public convenience and necessity." *Id.* While the court noted that it was unnecessary to look to legislative history, it did so and concluded the legislative history supported its construction of the statute. "According to the legislative analysis . . . one of

145

the three effects of a certificate is to abrogate those local zoning ordinances that would impede the construction of a facility that was found to be of public convenience and necessity." *Id.*, ¶ 66 (citing 1975 Wis. Laws, ch. 68, Wisconsin Legislative Council Staff's Summary and Analysis 10, which states that a certificate of convenience and necessity "overrides all local zoning and other ordinances inhibiting the construction of the facility"). The court emphasized that § 196.491(3)(i) does not mean that the PSC can ignore land use considerations; § 196.491(3)(d) requires that the PSC take these and other environmental concerns into account.[6] *Id.*, ¶¶ 67–71.

¶ 14.  Dane County contends that *RURAL* does not hold that *all* local regulations are preempted. That is true—only those that "impede what has been determined to be of public convenience and necessity." *Id.*,

---

[6] WISCONSIN STAT. § 196.491(3)(d) provides in part:

[T]he commission shall approve an application . . . for a certificate of public convenience and necessity only if the commission determines . . .:

. . . .

3. The design and location or route is in the public interest considering alternative sources of supply, alternative locations or routes, individual hardships, engineering, economic, safety, reliability and environmental factors, except that the commission may not consider alternative sources of supply or engineering or economic factors if the application is for a wholesale merchant plant . . . .

. . . .

4. The proposed facility will not have undue adverse impact on other environmental values such as, but not limited to, ecological balance, public health and welfare, historic sites, geological formations, the aesthetics of land and water and recreational use . . . .

. . . .

6. The proposed facility will not unreasonably interfere with the orderly land use and development plans for the area involved.

¶¶ 65–66. We view "impede" as having the same common meaning in this context as the statutory word "inhibit" and we do not understand Dane County to argue otherwise.[7] Dane County's argument, as we understand it, is that requiring American Transmission to apply for the local permits and comply with local ordinances does not "inhibit" the projects:   that can only be established by a showing of the specific adverse effect a specific requirement has on the project.

[7] When we construe a statute we give words their common meaning and we may use a dictionary for this purpose. *State v. Sample*, 215 Wis. 2d 487, 499–500, 573 N.W.2d 187 (1998). The dictionary definitions of "impede" and "inhibit" offered by Dane County both include the meaning of "hinder." For the meaning of "impede," Dane County refers us to RANDOM HOUSE ONLINE DICTIONARY (2009), http://www.dictionary.com (last visited Jan. 25, 2009):   "to be a hindrance or obstacle to." For the meaning of "inhibit," Dane County refers us to WEBSTER'S NEW COLLEGE DICTIONARY (1991):   "restrain" or "hinder," "prevent," "prohibit," or "forbid."

While "inhibit" in some contexts might have the meaning of "prevent," "prohibit," or "forbid," in the context of WIS. STAT. § 196.491(3)(i) "inhibit" is an alternative to "preclude." According to Dane County's dictionary reference, "preclude" means "to prevent or to make impossible" (citing WEBSTER'S NEW COLLEGE DICTIONARY (1991)). Where the legislature uses similar but different words in a statute, particularly the same section, we presume the legislature intended that the words have different meanings. *Wisconsin Cent. Ltd. v. DOR*, 2000 WI App 14, ¶ 12, 232 Wis. 2d 323, 606 N.W.2d 226 (citing *Armes v. Kenosha County*, 81 Wis. 2d 309, 318, 260 N.W.2d 515 (1977)). Accordingly, we presume "inhibit" does not have the same meaning as "preclude" in § 196.491(3)(i). The phrase "preclude or inhibit" conveys the legislature's intent that a certificate of public convenience and necessity preempts not only those local ordinances that would prevent the project entirely ("preclude") but also those that would only hinder ("inhibit") the project.

147

¶ 15.  Dane County's position is inconsistent with the court's analysis in *RURAL*. The court did not examine the specific regulations that Rockdale wished to enforce and then determine the effect each requirement would have on the project. Rather, based on the general subject matter of the regulations the court concluded the regulations would impede or inhibit the project. *Id.*, ¶¶ 64–65. The only reasonable reading of *RURAL* is that WIS. STAT. § 196.491(3)(i) "abrogates," in the court's own words, local regulations that govern the same subject matter that the PSC is required by statute to consider in granting a certificate for public convenience and necessity. *Id.*, ¶¶ 65–68. The necessary implication of the court's analysis is that *any* enforcement of local regulations governing those matters impedes or inhibits the project.

¶ 16.  Dane County does not contend that the permits it seeks to require American Transmission to apply for are outside the matters that the PSC is required to consider. This implicit concession is well-grounded. The environmental and land use factors the PSC is required to consider, *see* WIS. STAT. § 196.491(3)(d)3., 4., 6., encompass the subject matter of the local ordinance sections Dane County seeks to enforce by requiring American Transmission to apply for permits.

¶ 17.  The soundness of the *RURAL* court's approach is illustrated in this case. Even if Dane County intends to do nothing more than have American Transmission apply for permits so that it can locally enforce what American Transmission is required to do under the PSC orders, the permit process in itself is an additional impediment or inhibiting factor in the installation and utilization of the transmission lines. However, as we understand Dane County's position, it

148

believes it does have the authority to impose conditions on American Transmission beyond those contained in the PSC orders. As the circuit court pointed out, the record shows that Dane County has already identified "deficiencies" under its ordinances that it seeks to have American Transmission correct. If these corrections require action by American Transmission not required by the order issuing the certificates of public convenience and necessity, they will most certainly add time or cost or both. That will inhibit the installation or utilization of the transmission lines.

¶ 18.   As did the court in *RURAL*, we emphasize that the PSC, in conjunction with the DNR, is charged with considering environmental factors and land use and development plans for the area of the project. WIS. STAT. § 196.491(3)(d)3., 4., 6. In addition, we note that municipalities and towns receive notice of applications for projects proposed to be located within their boundaries. Section 196.491(3)(a)1. Affected local governments may participate in the PSC proceedings and may petition for review of the PSC decision in the circuit court. *See* § 196.491(3)(j). Indeed, Dane County did appear in the first of the three PSC proceedings conducted for the projects here, although it did not raise local environmental issues.

## CONCLUSION

██

¶ 19.   We conclude the circuit court properly construed WIS. STAT. § 196.491(3)(i) to expressly withdraw the power of municipalities to act, once the PSC has issued a certificate of public convenience and necessity, on any matter that the PSC has addressed or could have addressed in that administrative proceeding. The cir-

cuit court also properly concluded that the local power that is withdrawn by the statute includes requiring the application for local permits of the type that are in dispute in this case. Accordingly, we affirm the circuit court.

*By the Court.*—Judgment affirmed.