TOWN OF GRANT, Portage County,
Allan Farrey, Matt Goetz and
Cynthia Coulthurst a/k/a Cynthia Welling,
Plaintiffs-Appellants,

v.

PORTAGE COUNTY, Defendant-Respondent.

Court of Appeals

*No. 2016AP2435. Submitted on briefs August 11, 2017.
—Decided September 21, 2017.*

2017 WI App 69

(Also reported in 903 N.W.2d 152.)

289

290

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *Brian G. Formella* of *Anderson, O'Brien, Bertz, Skrenes & Golla, LLP*, Stevens Point, and *Thomas W. Harnisch* of *Thomas W. Harnisch Law Offices*, Neillsville.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Timothy M. Barber* and *Michael J. Modl* of *Axley Brynelson, LLP*, Madison.

Before Lundsten, P.J., Kloppenburg and Fitzpatrick, JJ.

¶ 1. FITZPATRICK, J. The Town of Grant and three of its residents, Allan Farrey, Matt Goetz, and Cynthia Coulthurst (a/k/a Cynthia Welling), sued Portage County over property taxes that Town of Grant property owners pay to Portage County for a county-wide ambulance service provided by the County. The circuit court granted summary judgment to Portage County and the Town appeals.[1] We conclude that Portage County has the authority to levy the property tax for the County's ambulance service pursuant to the general grant of taxing authority under WIS. STAT. § 59.51(2) (2015–16).[2] The Town contends that the property tax levied by the County for the County's ambulance service exceeds the authority granted to counties by the Home Rule statute, WIS. STAT.

---

[1] We will refer to all Plaintiffs-Appellants as "the Town" except where the context or the facts require a different approach.

[2] All references to the Wisconsin Statutes are to the 2015–16 version unless otherwise noted.

293

§ 59.03(1). The Town argues in the alternative that, because Portage County did not follow the requirements of § 59.03(2), the County has no authority to levy a property tax on residents of the Town of Grant for the County's ambulance service. We reject both arguments of the Town and affirm.

## BACKGROUND

¶ 2. The following facts are undisputed.

¶ 3. The Town of Grant is located within Portage County. The three individual Plaintiffs-Appellants were, at all relevant times, Town of Grant residents, Town of Grant real property taxpayers, and Portage County real property taxpayers.

¶ 4. Portage County has provided ambulance services, as a component part of an EMS (Emergency Medical Services)-related program, to all County residents continually from at least 1950 to the present. The cost of Portage County's EMS program, including the cost of providing ambulance services to all Portage County residents, is part of the County's annual operations budget and is included as part of the county-purpose property tax levy. In addition to the property tax levy, Portage County charges individuals as a result of responding to emergency calls. The amounts charged to individuals for EMS calls do not cover the entire cost of providing emergency medical services, including fixed overhead costs for making the services generally available.

¶ 5. The Town of Grant also provides ambulance services to its residents and funds this service via its own local property tax levy.

¶ 6. The Town sued the County seeking a declaratory judgment that Portage County does not have lawful authority to collect property taxes for the Coun-

ty's ambulance service from Town of Grant residents, along with related injunctive and monetary relief. The parties moved for summary judgment. The circuit court granted the County's motion, denied the Town's motion, and dismissed the Amended Complaint.

¶ 7. We will mention other undisputed material facts as relevant to a particular argument in the Discussion that follows.

## DISCUSSION

■

¶ 8. We review de novo the grant or denial of summary judgment and apply the same methodology and standards as the circuit court. *Town of Baraboo v. Village of West Baraboo*, 2005 WI App 96, ¶ 5, 283 Wis. 2d 479, 699 N.W.2d 610; *American Transmission Co., LLC v. Dane Cty.*, 2009 WI App 126, ¶ 8, 321 Wis. 2d 138, 772 N.W.2d 731.

■

¶ 9. The circuit court's decision here on summary judgment depended upon the proper interpretation of applicable statutes. That presents a question of law when, as in this appeal, the facts are undisputed. *American Transmission*, 321 Wis. 2d 138, ¶ 8 n.5; *Olson v. Farrar*, 2012 WI 3, ¶ 24, 338 Wis. 2d 215, 809 N.W.2d 1.

■

¶ 10. Statutory interpretation begins with the language of the statute. If the meaning of the statute is plain, the inquiry is ordinarily stopped. *State ex rel. Kalal v. Circuit Court for Dane Cty.*, 2004 WI 58, ¶ 45, 271 Wis. 2d 633, 681 N.W.2d 110. Statutory language is given its common, ordinary, and accepted meaning

generally. *Id.* Context and structure are important to the analysis. So, statutory language is interpreted in the context in which it is used as part of a whole rather than in isolation. *Id.*, ¶ 46. Statutory provisions which address the same matter should be addressed in harmony if possible such that each has force and effect. *Belding v. Demoulin*, 2014 WI 8, ¶ 17, 352 Wis. 2d 359, 843 N.W.2d 373.

¶ 11. All statutes concerning counties must be viewed through the lens of the authority granted to counties by the Wisconsin Constitution and the legislature. Counties exist for, and derive their powers from, the state through legislation. *Jackson Cty. v. DNR*, 2006 WI 96, ¶ 16, 293 Wis. 2d 497, 717 N.W.2d 713. A county has "only such powers as are conferred upon [it] by statute, or such as are necessarily implied therefrom." *Id.* (quoting *Spaulding v. Wood Cty.*, 218 Wis. 224, 228, 260 N.W. 473 (1935)).

¶ 12. Because there is no genuine dispute of material fact, we must determine which party is entitled to judgment as a matter of law. Wis. Stat. § 802.08(2). We explain, first, that the powers expressly and impliedly conferred upon Portage County entitle it to summary judgment. We then consider the Town's arguments and explain why we reject each.[3]

---

[3] The Town appears to argue, either alone or coupled with another proposition, that a county cannot levy a property tax for a county-provided service against county property taxpayers unless the service is provided countywide. Because the County does not argue the point, we will assume without deciding that a requirement here for county taxing authority for the ambulance service is that the County provides the service countywide.

## A. *Statutory Authority for Portage County to Levy a Property Tax for its Ambulance Service.*

¶ 13. WISCONSIN STAT. § 59.01 reads: "Each county in the state is a body corporate, authorized to . . . make such contracts and to do such other acts as are necessary and proper to the exercise of the powers and privileges granted and the performance of the legal duties charged upon it." The authority that allows a board of supervisors to act on behalf of a county originates in the Wisconsin Constitution: "The legislature may confer upon the boards of supervisors of the several counties of the state such powers of a local, legislative and administrative character as they shall from time to time prescribe." WIS. CONST. art. IV, § 22. *See also Jackson Cty.*, 293 Wis. 2d 497, ¶ 16. WISCONSIN STAT. § 59.51(1) sets forth powers prescribed for each county board of supervisors.[4] It states:

> *The board of each County shall have the authority to exercise any organizational or administrative power,* subject only to the constitution and any enactment of the legislature which grants the organizational or administrative power to a county executive or county administrator or to a person supervised by a county executive or county administrator or any enactment which is of statewide concern and which uniformly affects every county. Any organizational or administrative power conferred under this subchapter shall be in addition to all other grants. *A county board may exercise any organizational or administrative power under this subchapter without limitation because of enumeration, and these powers shall be broadly and liberally construed and limited only by express language.*

(Emphasis added.)

---

[4] The term "board" in Chapter 59 means the county board of supervisors. WIS. STAT. § 59.001(1).

¶ 14. Additionally, the legislature has granted to counties in WIS. STAT. § 59.54 at least twenty-eight separate powers. Those specifically delineated powers concern, generally, public protection and safety. *See* § 59.54(1)-(28). Subsection (1) reads: "(1) AMBULANCES. The board may purchase, equip, operate and maintain ambulances and contract for ambulance service with one or more providers for conveyance of the sick or injured and make reasonable charges for the use thereof." As noted by the circuit court, § 59.54(1) contains three separate powers a county board may assert: (1) purchase, equip, operate, and maintain ambulances; (2) contract for ambulance service with one or more providers for conveyance of the sick or injured; and (3) make reasonable charges for use of an ambulance within the county. The term "may," as used in the grants of authority in § 59.54, allows discretionary authority to counties. *Liberty Grove Town Bd. v. Door Cty. Bd. of Supervisors*, 2005 WI App 166, ¶¶ 10–11, 284 Wis. 2d 814, 702 N.W.2d 33.

¶ 15. We conclude that the plain language of the statutes provides that Portage County has express statutory authority to provide ambulance services to residents of that County. *See American Med. Transp. of Wis., Inc. v. Curtis-Universal, Inc.*, 154 Wis. 2d 135, 149–51, 452 N.W.2d 575 (1990) (WIS. STAT. § 59.54(1), previously numbered WIS. STAT. § 59.07(41), authorizes counties to contract for ambulance services). We consider, next, the grant of authority to counties to levy taxes.

¶ 16. The taxing authority relied upon by Portage County is set out at WIS. STAT. § 59.51(2). That grant of authority allows a county board to levy taxes in order to carry out any powers granted to the board. It states:

GENERAL AUTHORITY. *The board may* represent the county, have the management of the business and concerns of the county in all cases where no other provision is made, *apportion and levy taxes and appropriate money to carry into effect any of the board's powers and duties.*

(Emphasis added.)

¶ 17. The authority of a county to act may be conferred if the statutes necessarily imply that power. *Jackson Cty.*, 293 Wis. 2d 497, ¶ 16; *Town of Vernon v. Waukesha Cty.*, 102 Wis. 2d 686, 689, 307 N.W.2d 227 (1981).[5] Interpreting WIS. STAT. § 59.51(2) according to its plain meaning and in context with related statutes, we conclude that the power to levy a tax for its ambulance service has been conferred on Portage County. As was seen, the Portage County Board may exercise any organizational or administrative power and the legislature has directed that we construe those powers broadly and liberally. *See* § 59.51(1). Among those powers is the discretionary authority to enter into contracts for ambulance services. *See* WIS. STAT. § 59.54(1). The board is also given the power to "levy taxes . . . to carry into effect any of the board's powers and duties." WIS. STAT. § 59.51(2). Upon review of the statutes, the intent of the legislature is clear. Therefore, Portage County has the power to levy a property tax against property owners in Portage County, including those in the Town of Grant, for the ambulance service the County provides.[6]

---

[5] No party contends there is ambiguity in the language of the statutes granting powers to counties generally, the authority of a county to contract for an ambulance service, or the taxation power granted to counties under WIS. STAT. § 59.51(2).

[6] The Town contends, in a very abbreviated argument, that

## B. The Property Tax Levied by Portage County Does Not Violate the Home Rule Power Under Wis. Stat. § 59.03(1).

¶ 18. In spite of the clear statutory authority we summarized above, the Town maintains that the tax levied by Portage County for its ambulance service exceeds the authority granted to counties by the Home Rule statute, Wis. Stat. § 59.03(1), in light of what the Town asserts is a "mandate" on towns to provide ambulance service pursuant to Wis. Stat. § 60.565. We disagree because the undisputed facts demonstrate there is no such mandate on the Town of Grant, and the Home Rule power of Portage County does not conflict with the provisions of § 60.565.

¶ 19. Wisconsin Stat. § 59.03(1) allows counties to exercise powers if the questions are local ones. It states:

> Administrative home rule. Every county may exercise any organizational or administrative power, subject

---

there is no taxing authority for the countywide ambulance service provided by Portage County because Wis. Stat. § 59.54(1) states that the board may "make reasonable charges for the use thereof" in referring to the ambulance service provided by a county, and, therefore, the County is limited to such use charges. We disagree. That generalized statement at the end of the statute does not overcome the broad authority to tax for the ambulance service already discussed. Further, that provision does not state that it is the *only* way a county can pay for its ambulance service. The Town ignores that the "reasonable charge" language is limited to charges for the "use" of an ambulance; that is, user fees for individual service calls. If the legislature intended that "reasonable charges" would fund the entire cost of a service contract entered into by a county with a private service provider for an ambulance service, it would have specifically stated such and not used the language in the statute.

only to the constitution and to any enactment of the legislature which is of statewide concern and which uniformly affects every county.

The same language is embedded in the general grant of authority to counties in WIS. STAT. § 59.51(1) ("The board of each county shall have the authority to exercise any organizational or administrative power, subject only to . . . any enactment which is of statewide concern and which uniformly affects every county."). Another statute instructs courts to liberally construe § 59.03(1) in favor of counties. WISCONSIN STAT. § 59.04 states:

CONSTRUCTION OF POWERS. To give counties the largest measure of self-government under the administrative home rule authority granted to counties in s. 59.03(1), *this chapter shall be liberally construed in favor of the rights, powers and privileges of counties to exercise any organizational or administrative power.*

(Emphasis added.)

¶ 20. The Wisconsin Supreme Court has recognized the broad Home Rule power granted to counties by the legislature: "The above-quoted sections of Chapter 59 [current WIS. STAT. §§ 59.03(1), 59.04 and 59.51(1)] reflect a legislative intent to allow county governments to act on matters of local concern in any manner they deem appropriate. Counties have broad authority to direct local matters." *Hart v. Ament,* 176 Wis. 2d 694, 702–03, 500 N.W.2d 312 (1993).[7] *See also*

---

[7] Since the time of the opinion in *Hart v. Ament,* 176 Wis. 2d 694, 500 N.W.2d 312 (1993), the following phrase was added to WIS. STAT. § 59.51(1): "[A]nd these powers shall be broadly and liberally construed and limited only by express language."

*Jackson Cty.*, 293 Wis. 2d 497, ¶ 19 ("Wis. Stat. § 59.03 is a broad grant of power to counties.").

¶ 21. At the same time, our supreme court has recognized limits on counties' Home Rule power:

> When exercising home rule power, a county must be cognizant of the limitation imposed if the matter has been addressed in a statute that uniformly affects every county as such legislation shows the matter is of state-wide concern . . . . Wisconsin courts have previously recognized that while some subjects are exclusively a statewide concern, others may be entirely a local concern and some subjects are not exclusively within the purview of either the state or of a county . . . . For those subjects where both the state and a county may act, the county's actions must complement rather than conflict with the state legislation.

*Jackson Cty.*, 293 Wis. 2d 497, ¶ 19 (internal quotation marks and citations omitted).[8]

¶ 22. The Town's argument, based on Wis. Stat. § 59.03(1), is that the legislature has in another statute provided that the Town of Grant, and no other body, is allowed to provide an ambulance service to its residents. The Town relies on Wis. Stat. § 60.565, which states:

> Ambulance service. *The town board shall contract for or operate and maintain ambulance services unless such services are provided by another person.* If the town

---

[8] The Town asserts that the Home Rule power of counties is limited as compared to that of cities. *See Jackson Cty. v. DNR*, 2006 WI 96, ¶ 17, 293 Wis. 2d 497, 717 N.W.2d 713. While true, a generalized statement about the Home Rule power of cities (a species of municipality not involved in this appeal) is of limited value in construing the specific question of Portage County's authority to levy a tax for its ambulance service.

board contracts for ambulance services, it may contract with one or more providers. The town board may determine and charge a reasonable fee for ambulance service provided under this section. The town board may purchase equipment for medical and other emergency calls.

(Emphasis added.) The Town's argument is that the Town of Grant ambulance service is mandated under § 60.565 because that statute contains the word "shall." The Town contends the County's ambulance service is only permissive under WIS. STAT. § 59.54(1) because that statute states that a county board "may" contract for an ambulance service. The Town then tries to tie those statutes to the county Home Rule power under § 59.03(1) by claiming that § 60.565 contains a "mandate" that all towns provide ambulance service which uniformly affects every town and, therefore, every county and is exclusively a matter of statewide concern. So far as we can tell, the Town is arguing that the Home Rule language referring to statutes that "uniformly affect[] every county . . . [on] subjects [that] are exclusively a statewide concern" means that, whenever there is a statewide statutory mandate to provide a service, the Home Rule statute prohibits counties from providing that service to towns. And, according to the Town, if counties are prohibited from providing a service, counties are necessarily prohibited from taxing town residents for that service.

¶ 23. The first reason the Town's Home Rule argument fails is that the statute the Town relies upon does not support the Town's assertion. The initial sentence of WIS. STAT. § 60.565 states: "The town board shall contract for or operate and maintain ambulance services *unless such services are provided by another person.*" (Emphasis added.) The statute itself

acknowledges that another person can provide the ambulance service instead of a town and withdraws the mandate where another person provides ambulance services. The absence of a command from the legislature that towns provide an ambulance service in all situations causes the Home Rule power argument of the Town to miss the mark.

¶ 24. But, even if WIS. STAT. § 60.565 is read as imposing a qualified mandate, the Town of Grant is not subject to that mandate. Portage County is a "person" currently providing an ambulance service to Town of Grant residents. The term "person" is not defined in Chapters 59 and 60. But, WIS. STAT. § 990.01(26) contains a definition of "person" which "includes all . . . bodies politic." The parties agree that Portage County is a body politic. Also, the Town concedes in briefing that a "person" for these purposes includes an "entity." As the Town further admits, Portage County provides ambulance services to all residents of the County, including those in the Town of Grant. Accordingly, the Town of Grant is not under a legislative mandate to provide ambulance services. This being true, we conclude that the language in the Home Rule statute allows Portage County to provide the ambulance service to Town of Grant residents.

¶ 25. Additionally, four factors assist a court in determining if a county has violated its Home Rule power and whether the matter is exclusively one of statewide concern, entirely one of local concern, or not exclusively within the purview of either the state or a county. Those factors are: (1) whether the legislature has expressly withdrawn the power of a county to act in a specific area; (2) whether the county action logi-

cally conflicts with the state legislation; (3) whether the county action defeats the purpose of the state legislation; or (4) whether the county action goes against the spirit of the state legislation. If any of the four factors are met by a county's action, then that action is without legal effect because it violates Wisconsin law and exceeds the Home Rule power of the county. *Jackson Cty.*, 293 Wis. 2d 497, ¶ 20.

¶ 26. A review of each factor establishes that Portage County's actions have not violated its Home Rule power under WIS. STAT. § 59.03(1). First, the legislature has not expressly withdrawn the power of Portage County to provide an ambulance service or tax for that service. As discussed earlier, WIS. STAT. § 59.51(1) and 59.54(1) grant discretionary authority to provide that service and § 59.51(2) grants authority to levy a tax "to carry into effect any of the board's powers and duties." Second, the Portage County ambulance service (and the related tax levy) does not logically conflict with WIS. STAT. § 60.565. By its terms, that statute does not require every town to have an ambulance service. Instead, the service can be provided by "another person" such as a county. Third, for the same reasons, the actions of Portage County in providing an ambulance service and taxing for it do not defeat the purpose of any state legislation, including § 60.565. Finally, it cannot be said that these actions of Portage County defeat the spirit of § 60.565 as Wisconsin law provides concurrent authority for both the County and the Town of Grant to provide ambulance services to Town of Grant residents and tax for those services.[9]

---

[9] That conclusion concerning concurrent authority is bolstered by the opinion of the Attorney General in 77 Wis. Op. Att'y Gen. 210, 211 (1988).

¶ 27. Therefore, we conclude that WIS. STAT. § 60.565 does not mandate that the Town of Grant provide an ambulance service. We also conclude that the Portage County ambulance service authorized by WIS. STAT. §§ 59.51(1) and 59.54(1)—and the related taxing authority under § 59.51(2)—complements the Town of Grant's ambulance service allowed pursuant to § 60.565. For those reasons, the ambulance service of Portage County and its tax levy for the service do not violate the County's Home Rule power granted pursuant to WIS. STAT. § 59.03(1).

*C. Portage County Need Not Comply With WIS. STAT. § 59.03(2) to Levy a Property Tax For Its Ambulance Service.*[10]

¶ 28. The Town argues, in the alternative, that the other subdivision of WIS. STAT. § 59.03 supports its position. The Town contends that the statutory method for Portage County to levy a property tax for the County's ambulance service is § 59.03(2) and, because the County has not fulfilled the requirements of that subsection, it has no authority to levy that property tax against Town of Grant property owners for the County ambulance service. We reject that argument because the requirements of § 59.03(2) do not apply to Portage County's authority to levy a tax in these circumstances.

¶ 29. The Town asserts that the more specific procedure is contained in WIS. STAT. § 59.03(2), and that statute must be complied with by the County to levy

---

[10] The County takes the position that the Town "disclaimed and abandoned" its argument that the County did not comply with the procedures in WIS. STAT. § 59.03(2). We conclude that the record shows to the contrary.

306

the property tax for the ambulance service rather than the general grant of taxing authority under Wis. Stat. § 59.51(2) discussed earlier. *See Belding*, 352 Wis. 2d 359, ¶ 39. We disagree.

¶ 30. Reading applicable portions of Chapter 59 in context shows that para. (2) of Wis. Stat. § 59.03 is a unique procedure which may be used in specific fact situations to levy a property tax for a county service, but it is not the only authorization for a county to levy such a tax. That point is made in § 59.03(2) itself. Paragraph (f) reads: "The powers conferred by this subsection *shall be in addition to all other grants of power* and shall be limited only by express language." (Emphasis added.) The clear intent of the legislature is that a county's authority to levy a tax referred to in § 59.03(2) is in addition to other powers of a county.

¶ 31. Further, the general grants of authority at Wis. Stat. § 59.51(1) and (2) and Wis. Stat. § 59.54(1), which were already discussed, confirm that Portage County may levy a countywide property tax for its ambulance service. Section 59.51(1) reads in part:

> A county board may exercise any organizational or administrative power under this subchapter without limitation because of enumeration, *and these powers shall be broadly and liberally construed and limited only by express language.*

(Emphasis added.)

¶ 32. Wisconsin Stat. § 59.03(2) is not mentioned as a limitation on the powers granted to counties through Wis. Stat. §§ 59.51(1) and (2) and 59.54(1). No language in the broad and general grants of authority in § 59.51(1) and (2), § 59.54(1), or any other statute leads to the conclusion that the only method to levy a

tax for a county ambulance service, or any other county service, on a countywide basis is through § 59.03(2).

¶ 33. Additionally, even if there was not more specific authority which authorizes the County to provide, and levy a tax for, the County's ambulance service, the Town's Wis. Stat. § 59.03(2) argument would fail because the County's activity here is not an effort to "consolidate" services.

¶ 34. Structure and context are important when interpreting a statute. *Kalal*, 271 Wis. 2d 633, ¶ 46. Therefore, we begin with a review of relevant portions of Wis. Stat. § 59.03(2).[11]

¶ 35. The first sentence of Wis. Stat. § 59.03(2)(a) reads:

> Subject to s. 59.794(2) and (3)[12] and except as elsewhere specifically provided in these statutes, the *board of any county is vested with all powers of a local, legislative and administrative character,* including without limitation because of enumeration, the subject matter of water, sewers, streets and highways, fire, police, and health, and *to carry out these powers* in districts which it may create for different purposes, or *throughout the county, and for such purposes to levy county taxes,* to issue bonds, assessment certificates and improvement bonds, or any other evidence of indebtedness.

---

[11] The Town cites to the heading of Wis. Stat. § 59.03(2) as authority to promote its position. However, Wis. Stat. § 990.001(6) reads: "The titles to subchapters, sections, subsections, paragraphs and subdivisions of the statutes and history notes are not part of the statutes." *See Noffke ex rel. Swenson v. Bakke*, 2009 WI 10, ¶ 25, 315 Wis. 2d 350, 760 N.W.2d 156 ("In addition, a title may not be used to alter the meaning of a statute or create an ambiguity where no ambiguity existed."). For those reasons, we ignore the heading.

[12] This introductory clause is not applicable since it refers to statutes unique to Milwaukee County.

(Emphasis and footnote added.) That sentence sets out the authority of counties, through § 59.03(2), to exercise powers in specific districts it may create or throughout a county. The grant of authority includes levying county taxes "for such purposes." The powers conferred to counties in that sentence are referred to several times in other pertinent parts of § 59.03(2).

¶ 36. The remainder of para. (a) of Wis. Stat. § 59.03(2) sets forth the first of two mutually exclusive procedures contained in § 59.03(2) through which a county board may exercise those powers conferred in the first sentence of para. (a). To initiate this discrete procedure, a municipality within a county first requests that the county board exercise an "authority or function" either exclusively by the county or jointly by the county and the municipality. The county board may then, if it so decides, "assume the exercise of the function" upon the terms presented by the municipality.[13]

¶ 37. Paragraph (b) of Wis. Stat. § 59.03(2) sets forth the second of the two procedures contained in § 59.03(2) through which a county board may exercise those "powers conferred" in the first sentence of para. (a). Paragraph (b) reads:

> *The board of any county may,* by a resolution adopted by a majority of its membership, *propose to any of the municipalities located in the county that it offers to exercise such powers and functions therein in order to consolidate municipal services and functions in the county.* Such resolution shall designate the particular function, duty or act and the terms and conditions, if any, upon which the board will perform the function,

---

[13] In Chapter 59, "municipality" means any city, village, or town. *See* Wis. Stat. § 59.001(3). For purposes of this analysis, we consider the Town of Grant a municipality.

duty or act. *The powers conferred in par. (a) and designated in such resolution may thereafter be exercised by the board in each municipality which accepts the proposal* by the adoption of a resolution by a majority vote of the members-elect of its governing body or by direct legislation in the manner provided in s. 9.20.

(Emphasis added.) In this specific procedure, a county board proposes to a municipality that it will exercise powers and functions in order to "consolidate" municipal functions in the county. Through that proposal to the municipality, the county board designates the function, duty, or act it offers to perform. The county then exercises those powers and functions if the municipality accepts the proposal from the county board.[14]

¶ 38. Paragraph (e) of WIS. STAT. § 59.03(2), in the first two sentences, sets forth how a county can require payment from a municipality for assuming such powers as the county board and municipality agree.[15] The following wording in the second sentence of § 59.03(2)(e) is, according to the Town, central to the analysis. It reads:

---

[14] That the procedures in WIS. STAT. § 59.03(2)(a) and (b) are alternatives in which, respectively, either the municipality makes a proposal to the county board, or the county board makes a proposal to a municipality is recognized by language in paras. (c) and (d) of § 59.03(2). Paragraph (c) states in pertinent part: "Whenever the request under para. (a) or acceptance under para. (b) of a municipality is by resolution of its governing board . . . ." Paragraph (d) begins: "After and upon the adoption of resolutions by the board and subject to para. (c) by one or more municipalities either as provided in paras. (a) or (b) . . . ."

[15] Other portions of WIS. STAT. § 59.03(2)(e) concern alternate methods for a municipality to pay a county for assuming powers as agreed by a municipality and a county. The Town does not contend that those provisions are applicable.

310

> [B]ut in the event that every municipality in the county accepts the proposal of the board, the expenses thereof shall be paid by county taxes to be levied and collected as are other taxes for county purposes.

That language requires that, if there is a proposal from a county board and every municipality in the county agrees to it, then the expenses incurred by the county "shall" be paid by county taxes which are levied and collected like any other county tax.

¶ 39. As we understand the Town's argument, the Town asserts that Portage County has the authority to levy a property tax only under WIS. STAT. § 59.03(2) because the Town of Grant consolidated municipal services into the County with its countywide ambulance service, and that Portage County violated § 59.03(2) because it did not follow the consolidation requirements in § 59.03(2)(b). We disagree.

¶ 40. The central act mentioned in para. (b) of WIS. STAT. § 59.03(2) is that a county board will "consolidate" municipal services and functions in the county. The term "consolidate" is not defined in Chapter 59 and the Town attempts no definition. In giving terms in a statute their ordinary and plain meaning, we may consult a dictionary. *See State v. Polashek*, 2002 WI 74, ¶ 19, 253 Wis. 2d 527, 646 N.W.2d 330 ("If a word is not defined in the statute, our next recourse has normally been to use a recognized dictionary to determine the common and ordinary meaning of the word."); *Rouse v. Theda Clark Med. Ctr., Inc.*, 2007 WI 87, ¶ 21, 302 Wis. 2d 358, 735 N.W.2d 30 ("When giving a statute its plain and ordinary meaning, courts refer to dictionaries to define those terms not defined

311

by the legislature."). The Webster's New College Dictionary defines consolidate as: "To unite into one system or body." *Consolidate,* WEBSTER'S II NEW COLLEGE DICTIONARY (1995).

¶ 41. The Town points to nothing in the record to support its contention that there was a "consolidation" of ambulance services. To the contrary, the undisputed facts prove that the countywide ambulance service provided by Portage County has not been "consolidated" into the Town of Grant ambulance service. Portage County contracts with two public ambulance service providers to provide ambulance services to all County residents. The Town of Grant also provides ambulance services to its residents. Since 2012, the Town of Grant has contracted directly with an ambulance service different than those used by Portage County. There are concurrent and completely separate ambulance services provided by Portage County and the Town of Grant to Town of Grant residents. Those ambulance services act independently and have not been united into one system or body as required for a "consolidation." We conclude that Portage County was not required to comply with the provisions of WIS. STAT. § 59.03(2) because the undisputed facts in the record show there was no consolidation of ambulance services by Portage County.[16] Therefore, the Town's argument fails.

---

[16] The Town relies on one sentence out of an article from the University of Wisconsin Extension. *County Government in Wisconsin History & Background,* UW Extension, p. 6 (January 2012), *https://lgc.uwex.edu/files/2016/04/fs19County GovernmentWisconsin.pdf.* A "Fact Sheet" from the U.W. Extension about local government is not authority which binds this court or any other court in this state. We decline the invitation to rely on that article.

## CONCLUSION

¶ 42. For those reasons, we affirm the circuit court's grant of summary judgment to Portage County and we affirm the circuit court's denial of summary judgment to the Town.

*By the Court.*—Judgment affirmed.